# MOORE vs. THE STATE.

[INDICTMENT FOR GAMING.]

1. *Barber's shop is public house, and, prima facie, entirety.*—A barber's shop is a public house, within the prohibition of the statute against gaming; and where a two-storied house, in a city or town, is rented and controlled by a barber; who uses the two rooms on the ground floor as his shop; the back room on the second floor is also within the prohibition of the statute, although accessible only by a flight of steps on the outside of the house, and used by the barber only in trying experiments in the daguerrean art, or as a depository for his broken apparatus and chemicals.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. ROBERT DOUGHERTY.

THE bill of exceptions in this case is as follows :

"On the trial of this case, the State proved, by Blair, Jemison, Lacy and Leach, that they had seen the defendant, within twelve months before the finding of the indictment, play cards a few times in a back room in the upper story of a house fronting on Main street in the city of Tuskaloosa, rented and controlled by one Shandy Jones, a free man of color, who pursued the business of a public barber ; that the lower rooms of said house were used by said Jones as a barber's shop ; that there was no inside connection, or pass-way, leading from the lower to the upper rooms of said house ; that the only way of getting into the upper rooms was by a flight of steps, about twenty feet in the rear of said house, leading (from the back yard of an adjoining shoemaker's shop and an adjoining hotel) to a platform above, from which persons could pass into a narrow passage, on one side of which there were doors leading into the upper rooms of said house, and on the other side doors leading into the rooms above the shoemaker's shop ; that said Jones did not use the upper rooms of said house as an appendage to his barber's shop, or in any manner for or in connection with his business as a barber, for either himself, his employees, or customers ; that he used said rooms in experimenting, and attempting to learn the art of taking daguerreotypes ; that he took the pictures in the front room, and subjected them to the necessary chemical process in the back room, where the playing took place, for which purpose he had suspended and kept before each window of said back room large, thick curtains, which made the room quite dark ; that of ten or twelve gentlemen named, four frequently, and six or seven occasionally, met and played cards in this room ; that the key of the door of the room was kept by said Jones, from whom the parties got it when they met to play ; that the room-door was always locked during the playing, and no one was permitted to come in, except one of those who occasionally met there, or some one who was invited by them ; that persons very often knocked at the door while they were playing, and were refused admittance ; that one of the window-curtains

was raised during the playing, sufficiently to give the necessary light to the room; that the persons playing could not be seen from the outside, nor could they see persons on the outside; that the players might, perhaps, if the curtain was raised, be seen from one window in the adjoining hotel, by a person thrusting his head out; and that the defendant never bet any thing.

"There was evidence, also, conducing to show that said Jones, prior to the time when the playing took place, had abandoned the attempt to learn the daguerrean art; that his apparatus was broken, and some of the chemicals which had been used by him were stored away in one corner of said back room. It was in evidence, also, that the playing took place within four months before the finding of the indictment; that said back room was used, during that summer, several days in each week, by some of those who were in the habit of playing cards there; that they used it for that purpose whenever they wished; that sometimes there was betting, and sometimes there was not.

"Upon this evidence, the court charged the jury as follows:

"1. That if they believed from the evidence that Shandy Jones rented the house on Main street, and used the two lower rooms to carry-on his trade as a barber, and also had control of the upper rooms; and that the defendant, within twelve months before the finding of the indictment, played cards in the back room overhead, then he was guilty, unless the evidence affirmatively showed that said back room was not used as an appendage to the barber's shop, or was not used by said Jones in carrying on his business, nor by his employees or customers, or for the convenience of said Jones, his employees or customers, or that said room was used for some justifiable purpose.

"2. That if they believed said Jones used said back room, in connection with the adjoining front room, to learn the daguerrean art; and that said back room, while said Jones was thus using both rooms, was also used, at the same time when defendant played, by a company of men, several days in the week, or whenever they desired

to play in it,—then the defendant would be guilty, although the door was closed, the curtains down, and the players could not be seen from the outside.

"3. That if said Jones, before the playing took place, had abandoned his attempt to learn the daguerrean art; and that said back room, in which the playing took place, was used only as a depository for his broken apparatus and chemicals, and for no other purpose; and that defendant, within twelve months before the finding of the indictment, played cards in said back room,—he was guilty."

The defendant reserved an exception to each of these charges.

E. W. PECK, for the defendant.

M. A. BALDWIN, Attorney-General, *contra*.

RICE, C. J.—On the authority of Cochran v. The State, at the present term, and of the cases therein cited, the judgment of the court below in the present case is affirmed.