# Jacobson *v.* The State.

*Indictment for Betting at Cards in Public Place.*

1. *Sufficiency of indictment.*—An indictment, which charges that the defendant "*did bet* at a game with cards," &c. (Rev. Code, § 3622; Form No. 29, p. 811), is sufficient on demurrer, although it does not aver that he bet money or other valuable thing.

2. *General exception to entire charge.*—A general exception to an entire charge, consisting of several distinct paragraphs, is not sufficient to reach any minor defect in a particular proposition, to which the attention of the court below is not specifically directed.

3. *Oral charge asked.*—The refusal of a charge requested is not an error for which the judgment will be reversed, when the record does not show that it was reduced to writing, as required by the statute (Rev. Code, § 2756).

From the City Court of Selma.

Tried before the Hon. Jona. Haralson.

The indictment in this case contained two counts, the first count being as follows : "The grand jury charge that, before the finding of this indictment, Martin Jacobson did bet at a game with cards, or dice, or some device or substitute for cards or dice, at a tavern, inn, store house for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed, or given away, or in a public house, highway, or some other public place, or at an outhouse where people resort; against the peace," &c. The defendant demurred to this count, on the following grounds: "1st, because it charges no offense known to the laws; and, 2d, because it does not allege that . the defendant bet anything of value." The court overruled the demurrer, and the defendant was tried on issue joined on the plea of not guilty.

"On the trial," as the bill of exceptions states, "the State introduced Y. L. Royston as a witness, who testified that he

had seen the defendant, within the last six months, playing at cards with ivory checks, which represented money, and had himself played in the same game for a few minutes; that the playing was in a room over Boylan's auction store, in Selma, which was a room of ordinary size, provided with chairs and tables; that he did not know whose room it was; and that he was there once before, but did not remember whether he went by invitation or not. The State then introduced T. C. Ferguson as a witness, who testified that he also had seen the defendant, within the last six months, play cards, betting checks, which represented money; that he saw defendant play with said Royston at the game spoken of by him; that what was won depended on a count of the checks after the game; that the playing was in a room over the store of one Boylan, an auctioneer, in Selma; that Boylan had no control over said room; that there was no connection, or stairway, leading from his store to the room; that there was a stairway from the street, leading up to the room; that the room was rented as a 'club-room,' by a party of ten or twelve gentlemen, each of whom had a key, by which he could enter when he pleased, and was kept for gaming purposes; that a Mr. Andrews kept the room; that persons went in and out, but the door was kept locked; that people went there to play cards; that he had never seen more than ten or twelve persons in the room at one time; that no one could enter the room, without being specially invited by some member of the club; that the door was always kept locked when playing was going on; that the room could not be seen from the street, nor any bar-room, and was not in any way connected with any bar-room, or other public room or place; also, that parties had frequently knocked at the door, and had been refused admittance to the room."

"This was all the evidence," and the court thereupon charged the jury as follows: "That it was not an unlawful thing to play or bet at a game with cards, at a strictly private place; as, for instance, if any one of you should invite a party of friends to your house or room, to spend an evening, and, during the time, playing and betting at cards were indulged; that would be no violation of law, for the place would be strictly private. The kind of betting denounced by the law, is that which is indulged at one of the places named in the statute, where playing and betting are forbidden. Whether the room at which the playing or betting in this case occurred is a private or a public place, must be determined by surroundings and circumstances. The proof tends to show, that the room was situated above the public auction house of Mr. Boylan, in Selma. If you believe, from

the evidence, that the room had no connection with his store, although it was in the same building, and was not owned or controlled by him, but by some other person, the character of the store below would not determine the character of the room above; but, if the room above, like the one below used as an auction store, belonged to, and was controlled by the same person, and was part of the same establishment, though not opening the one into the other, the auction store being a public house or place, would impress that character also on the room above. But, if said room had no such connection with said store as would make it public, the jury must look at other facts and circumstances, to determine the character of the room—whether it was a public or a private place." The judge here read to the jury an extract from the opinion of this court, delivered by C. J. DARGAN, in the case of *Coleman v. The State*, 20 Ala. 52; and then added: "If you believe, from the evidence, that the room here in question was a place where some ten or twelve persons occasionally gathered together, by invitation, for amusing themselves, or partaking in social enjoyments, and to which the public had no right to go; in other words, if it answers the description given by Judge DARGAN of a private place, in the foregoing extract from his opinion, then you cannot find the defendant guilty of betting at a public place." The judge then read a long extract from the opinion of C. J. BRICKELL, in the case of *Smith v. The State*, 52 Ala. 384; and added: "The jury will apply the law, as above laid down by the Supreme Court, to the room here in question; and if, from the evidence, they believe that it was a gambling room, used and occupied for gambling purposes, to which persons desiring to gamble resorted, and was kept by Andrews for such purposes as these, and was frequented by a club of some dozen men or more for gambling purposes at will, each being provided with a key to the door, and visiting and carrying those whom he chose, for the purpose of gaming,—the room would come within the prohibition of the statute, and, in legal contemplation, would be a public place; and this, notwithstanding the fact that the room was kept locked when playing was going on, and was up stairs, and surrounded by an air of privacy. For, the greater the air of secrecy which may have been thrown around the room, the greater may have been the lure. It could not be tolerated that, by such devices, resorted to, it may be, for the purpose of pleading it as a private place, this law could be thus set aside."

"The defendant excepted to said charge, and especially to the use of the word '*strictly*,' wherever it occurs before the

[Buchanan v. The State.]

word '*private*,' in the said charge; and he then requested the court to give the following charges," &c.; which charges the court refused to give, and the defendant excepted to their refusal.

The overruling of the demurrer to the first count in the indictment, the charge given by the court, and the refusal of the charges asked, are the matters now presented for revision.

No counsel appeared in this court for the defendant, so far as the docket or the transcript shows.

Jno. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The first count in the indictment in this cause is in the form prescribed for such a case in the Revised Code, and the demurrer to it was properly overruled.

2. The charge of the court placed the case properly before the jury, for their consideration; and being a long charge, containing several distinct paragraphs, an exception to the whole does not reach any minor defect in presenting a particular proposition which is only a part of the charge. The rule is, that the matter of exception shall be so brought to the attention of the court, before the retirement of the jury to make up their verdict, as to enable the judge to correct any error, if there be any in his instructions to them. This is not done by the exception taken in the present cause.

3. It has been held by this court, that it will not reverse a judgment of the Circuit Court, for its refusal to give a charge asked, unless it appear by the bill of exceptions that such charge was put in writing, as the statute provides.

Judgment affirmed.