# Smith v. The State.

## Indictment for Disturbing Females at Public Assemblage by Rude Behavior, &c.

63　55
99　145
99　174
63　55
103　54
63　55
130　127

1. *Statutory indictments.*—This court has repeatedly held, that in framing indictments on statutes which create new offenses, and describe their constituents, it is sufficient to follow the language of the statute, or to describe the offense in other words of equivalent import; and has uniformly sustained the sufficiency of the forms of indictment prescribed by the Code, though with doubt and hesitation in some extreme cases. But, when an indictment neither pursues the words of the statute creating the offense, nor follows the prescribed form, it must aver every material constituent of the offense (except the venue and time), or it will be held insufficient.

2. *Same; in this case, for disturbing females at public assembly.*—An indictment which charges, that the defendants, "by rude and indecent behavior, or by profane or obscene language, willfully disturbed females, members of the society called," &c., "at the Fair Grounds in or near the city of Montgomery, met for the purpose of instruction, amusement, or recreation," is insufficient, and fatally defective. It does not conform to the language of the statute creating the offense (Code, § 4200), for want of an averment that the females were met in "public assembly;" nor to that of the statute prescribing the form of indictment (§ 4814), for want of an averment that there was an "assemblage" of people, composed in whole or in part of the females.

ERROR to the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The indictment in this case contained but a single count, which charged that Scott Smith and Edward Watts, "by rude and indecent behavior, or by profane or obscene language, willfully disturbed females, members of the society called 'Daughters and Sons of St. Luke of the ancient, grand, united order of St. Paul,' at the Fair grounds in or near the

city of Montgomery, met for the purpose of instruction, amusement, or recreation ; against the peace," &c. Scott Smith, being on trial alone, was found guilty, and fined twenty dollars. He afterwards moved in arrest of judgment, on account of the insufficiency of the indictment, but his motion was overruled ; and this is now urged as error.

J. GINDRAT WINTER, for the defendant.

F. S. FERGUSON, with the Attorney-General, for the State.

STONE, J.—The defendant in this case was indicted under section 4200 of the Code of 1876, which makes it a misdemeanor in " any person who, by rude and indecent behavior, or by profane or obscene language, willfully disturbs any female or females in any public assembly, met for the purpose of instruction, amusement, or recreation." There are other provisions of the statute not presented by this record. The offense denounced by this statute consists of several ingredients. The first is, that the disturbance must be by " rude and indecent behavior," or by " profane or obscene language." The second is, that the female or females disturbed must be in "public assembly." The third is, that such females must have " met for the purpose of instruction, amusement, or recreation." If any one of these ingredients be wanting, the offense under this statute is not complete. 1 Brick. Dig. 499, § 735. There are other sections of the Code which provide punishment for offenses similar to this, but they shed no light on this case.—Code of 1876, §§ 4199, 4201, 4203.

Viewing the indictment in this case without reference to section 4814 of the Code (to be noticed hereafter), it omits to charge that the females disturbed were met *in public assembly*. It charges that the disturbance was of females " at the Fair Grounds in or near the city of Montgomery, met for the purpose of instruction, amusement, or recreation." Inasmuch as there may be a place or places at the " Fair Grounds " not public, this charge can not be regarded as the equivalent of the words of the statute, " in public assembly." Section 4814 of the Code declares, " In an indictment for disturbing the females in any public assembly, under section 4200, it is sufficient to charge that the defendant willfully disturbed an assemblage of people, composed in whole or in part of females, by rude or indecent behavior, or by profane or obscene language." It will be seen that this dispenses with the averment in section 4200, that the assembly is *public*, and it equally dispenses with all averment of the purpose

for which the females have assembled. It does not dispense with the averment that there was an *assemblage* of people, composed in whole or in part of females, for the disturbance of which the indictment is preferred.

We have uniformly held, and in some cases that were extreme, that when the legislature, either in the body of a statute, or in a furnished form, has declared what shall be a sufficient indictment, such legislative direction is controlling, and an indictment following such form will be pronounced good.— *Wilson v. The State,* 61 Ala. 151 ; 1 Brick. Dig. 499, § 734; *McCullough v. The State,* at the present term. The language of the present indictment is, that the defendants, "by rude and indecent behavior, or by profane or obscene language, willfully disturbed females, members of the society" [naming it], "at the Fair grounds, in or near the city of Montgomery, met for the purpose of instruction, amusement, or recreation." Now, it will be observed, that this indictment contains every averment to make it good under section 4200, except the charge that the females disturbed were in "public assembly." It is thus shown that the indictment was framed under that section, but is defective under it. It does not purport to follow section 4814, for its phraseology is entirely different. It may be contended that it avers substantially the same facts as are declared sufficient in that section, and that on that account we should adjudge it sufficient. This court has repeatedly held that, in framing indictments on statutes, creating new offenses, and describing their constituents, it is sufficient to follow the language of the statute, or to describe the offense in other words of equivalent import.—Code of 1876, § 4792 ; 1 Brick. Dig. 499, §§ 734–36. We are now asked to take a step further, and to hold that an indictment, which does not follow, or purport to follow, a form given, but avers, in language entirely different, every material fact contained in the form, must be adjudged sufficient, although both the form and the indictment omit material constituents of the offense.

Applying the rule invoked to the present case, the form given in section 4814 omits two essential constituents of the statutory offense—namely, that the assemblage was *public,* and the *purpose* for which the females had assembled. The indictment omits the former of these constituents, but not the latter. Under our rulings, we have held the forms sufficient, because the legislature has so declared. This we have maintained, and could only maintain, on the theory that the form provided is declared by the legislature to contain an averment, express or implied, of every constituent of the offense. It does not lessen the proof necessary to a convic-

tion. Each constituent of the offense must be proved, although only implied in the brief language of the indictment. Hence, to justify a conviction under section 4200 of the Code,. it is necessary to prove that the offense was committed in Montgomery county, within twelve months before the commencement of the prosecution, and that the females were in public assembly,. met for the purpose of instruction, amusement, or recreation. These constituent elements, by a declaration of the legislative will, an indictment framed according to section 4814 of the Code must be understood as charging, although, in fact, it expresses neither of these. If the testimony fails to establish either one of these elements of the offense, the defendant is entitled to an acquittal. We do not feel at liberty to extend the principle heretofore declared. It has been with much doubt and hesitation that some of the brief forms of indictments found in the Code have been held a sufficient compliance with the constitution. Declaration of Rights, sections 7, 8. Still, we have held that the forms furnished are the forms prescribed by law, and that they contain the nature and cause of the accusation, because the legislature have so declared. There is no legislative edict that indictments, not following some given form, yet containing every material averment of fact which the form contains, but in different language, and in different form, shall be sufficient. An indictment " must state the facts constituting the offense."—Code of 1876, § 4785.

Section 4824 of the Code, after declaring that the forms given are sufficient "in all cases in which they are applicable," contains this clause : " Analogous forms may be used in other cases." Analogous to what? Many of the forms, though severely pruned in verbiage, nevertheless contain every constituent element of the offense charged: Others make no mention of material facts, going to make up the offense. Which class shall be followed, or adopted as the basis of the analogy? We think the only safe rule is to require that, when the indictment is not framed on any form given in the Code, it shall aver every material constituent of the offense ; always excepting the statement of venue and of time.—Code of 1876, §§ 4787–8. The indictment in this case is insufficient.

The judgment of the City Court is reversed and annulled, and the cause remanded, that the indictment may be quashed. Let the accused remain in custody, until discharged by due course of law.