# Rickles *v.* The State.

*Indictment for Assault.*

1. *Former acquittal, or conviction; how pleaded.*—A former acquittal or conviction must be specially pleaded, and the record of it is not admissible under the plea of not guilty.

FROM the Circuit Court of Blount.
Tried before Hon. LEROY F. BOX.

HAMILL & DICKINSON, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—In criminal procedure, a plea of *autrefois acquit,* or *convict,* is necessary in order to authorize the introduction in evidence of a former proceeding, establishing the acquittal or conviction of a defendant charged with any crime. The record of such proceeding can not be offered in evidence under the general issue.—Wharton's Crim. Ev. § 592 ; 2 Hale's P. C. 241. And it has been held by this court, that, when issue is joined on such special plea, and that of
VOL. LXVIII.

[Green v. The State.]

not guilty, it is irregular to submit both issues to the jury at the same time; the issue joined on the special plea must be first tried and decided.—*Moody v. The State*, 60 Ala. 78; *Foster v. The State*, 39 Ala. 229.

In this case, there was no special plea interposed, but only the general issue. The charges requested by the appellant sought to raise the question of *former acquittal*, under the plea of not guilty, which could not be done. There was no error in the refusal of the court to give these several charges, and the charges given was clearly correct in the absence of any special plea.

Affirmed.