# Russell *v.* The State.

### Indictment for Gaming.

1. *Playing cards at public places.*—A room in a house belonging to the proprietor of a hotel or tavern, and used by him at the time for the ac-

[Russell v. The State.]

commodation of guests, is appurtenant to the hotel or tavern, and within the statute against playing cards at hotels and other public houses and places (Code, § 4207), although situated on a separate lot, eighty or ninety feet from the hotel, and never before used for the accommodation of guests.

FROM the Circuit Court of Monroe.
Tried before the Hon. WM. E. CLARKE.

H. PILLANS, and C. J. TORREY, for appellant.

H. C. TOMPKINS, Attorney-General, for the State, cited *Johnson v. The State*, 19 Ala. 527; *Huffman v. The State*, 29 Ala. 40; *Moore v. The State*, 30 Ala. 550; *Wilson v. The State*, 31 Ala. 327; *Arnold v. The State*, 29 Ala. 50.

SOMERVILLE, J.—The defendant is indicted for card-playing, in violation of the provisions of section 4207 of the Code (1876). The evidence shows that the playing was done at night, in a room occupied by a guest, or boarder, at a tavern kept by one Watson as proprietor. This room was part of a small tenement, situated about eighty or ninety feet from the tavern, on a separate lot, which was, however, the property of Watson, although it had never before been used as a place in which to lodge guests. It is clear that, under the evidence set out in the bill of exceptions, this room was *appurtenant to* the tavern. It is enough that it was used as a place to lodge one of the guests or boarders in; that it was in close proximity to the tavern, and was owned by the proprietor. It is entirely immaterial, that it had never been before used for such a purpose, or that no extra price was charged for its occupancy, or that it was situated on a separate lot. The fact of being adjacent to the tavern, or hotel, and being used in connection with its business, constituted it so appurtenant as to make it a part of the premises of the proprietor. Any other construction would fail to suppress the mischief sought to be reached by the statute, and would be a wide departure from the previous decisions of this court.—*Moore v. The State*, 30 Ala. 550; Clark's Man. Cr. Law, § 1621, *et seq.*, and cases cited on brief of Attorney-General.

There is no error in the charges of the court, and the judgment is affirmed.