## STATE v. RANCE ROPER.

### *Indictment— Out-house— Variance.*

1. An indictment for burning a house under the act of 1874–'75, ch. 228, which fails to charge the offence as having been *feloniously* done, is defective. The statute makes it a felony.

2. Indictment under Bat. Rev., ch. 32, § 93, for burning an *out-house* used as a store-house, the proof being that it was an old building located at a cross-roads and occupied as a store-house, but not enclosed or used in any way as a dwelling-house; *Held,* a fatal variance. This statute makes the offence a misdemeanor.

3. An out-house is one that belongs to a dwelling-house and is in some respects parcel of the same, and situated within the curtilage.

(*State* v. *Jesse,* 2 Dev. & Bat., 297, cited and approved).

INDICTMENT tried at Fall Term, 1882, of RICHMOND Superior Court, before *Gilmer, J.*

The indictment charged the defendant with burning an out-house used as a store-house, in violation of the act of 1874–'75, ch. 228, and is in substance as follows:

The jurors, &c., present that Roper (and others) did unlawfully and maliciously set fire to and burn a certain out-house used as a store-house, being in possession of C. D. Dowd, and the property of John P. Little, with intent thereby to destroy the same and to injure the said Dowd and Little, against the form of the statute, &c.

There was a verdict of guilty, and the defendant moved in arrest of judgment upon the ground that the bill is defective, in that it does not charge the burning to have been *feloniously* done. The motion was overruled; judgment; appeal by defendant.

*Attorney-General* and *John D. Shaw,* for the State.
*Messrs. Burwell, Walker & Tillett,* for defendant.

ASHE, J. There were several exceptions taken on the trial by the defendant to the ruling of the court upon points of evidence, but we deem it needless to consider them, as we are of the opinion that the exception to the indictment was well taken, and the judgment should have been arrested.

The charge in the indictment that the defendant *unlawfully* and *maliciously* set fire to an out-house used as a store-house, in possession of Dowd and the property of Little, with intent thereby to destroy the same and injure the said Dowd and Little, shows that the bill was drawn with the intention of charging the defendant with a violation of the act of 1874–'75, ch. 228. The act declares that whosoever shall violate its provisions shall be guilty of a felony, and whenever a felony is charged in an indictment, it is essential that the term *feloniously* should be used, otherwise the offence charged will only be a misdemeanor, however strictly the words of the statute be followed.

In *State* v. *Jesse*, 2 Dev. & Bat., 297, Chief-Justice RUFFIN says the office of the term *felonice* is to describe the offence, and it is a word which cannot be supplied by any paraphrase or word equivalent.

To the same effect is Mr. BISHOP, who suggests " that in drawing the indictment the practitioner should consider whether the offence is a felony or a misdemeanor in his own state; and if the former, according to the practice prevailing in England and in a part of our states, he must not omit to employ the word *feloniously*, though this word should not be found in the statute." Bish. Stat. Crimes, § 452.

The omission to charge the act of burning to have been feloniously done is a fatal defect, and is a good ground for the arrest of the judgment, considering the indictment as preferred under the act of 1874–'75.

To avoid such a result, we have considered whether the indictment might not be sustained under section 93, chapter 32, of Battle's Revisal, which makes it a misdemeanor unlawfully and wilfully to burn any church, uninhabited house, *out-house,* or

83

other house or building, &c.    But we find the state confronted, in that view of the case, with the objection raised on the trial by the defendant, that there is a variance between the description of the property in the indictment and that described in the evidence. The indictment describes it as an *out-house* used as a store-house; and the evidence is that it was a part of an old-building located at a cross-roads, that it was not enclosed or used in any way as a dwelling-house, and was occupied, at the time of the burning, by Dowd as a store-house.

Now, an out-house has a technical meaning.    The house occupied by Dowd, as a store, was not an out-house in the meaning of the law.    An out-house is one that belongs to a dwelling-house, and is in some respect parcel of such dwelling-house and situated within the curtilage.    Such was the meaning of the term at common law, and under the English statutes, similar to ours, in relation to the burning of houses.    Russell on Crimes, 1038.

The ends of justice, perhaps, will be better subserved by arresting the judgment, that a new bill may be sent, if the solicitor shall deem it proper to do so.

Error.                                        Judgment arrested.