# Johnson *v.* The State.

## *Indictment for Gaming.*

1. *Betting at games prohibited by section 4207; sufficiency of indictment.*—Form 29, for an indictment under section 4209 of the Code, contains all the essential parts of an indictment for betting at a gaming table, or at a game called keno; but it is not full enough, when the charge is, that the accused bet at one or more of the games prohibited by section 4207 of the Code. An indictment under that clause of section 4209, to be sufficient, must aver both the betting, and that one or more of the enumerated games was played, at some one of the places named, by the accused, or by some other person or persons.

2. *Same.*—An indictment charging that the accused "played at a game with cards at a public house, and did bet or hazard money or bank notes at said game," does not charge two offenses, but charges only the graver offense denounced by section 4209 of the Code.

3. *When charge properly refused.*—Under an indictment for gaming, the evidence only *tending* to prove that the place at which the game was played was a private room, its sufficiency is a question for the jury; and hence, a charge requested by the defendant, which assumes that fact *as proved*, is properly refused.

4. *Gaming; parties charged with knowledge of character of place.* Parties who play at a game with cards must see to it, that they do not play in one of the places prohibited by the statute; and their want of knowledge of the character of the place is no excuse. Hence, a charge requested by a defendant indicted for betting at a game with cards at a public house, which instructs the jury that "when the evidence shows that the room in which the playing took place was a private room used as a dwelling, it is incumbent on the prosecution to show that the defendant knew, or had reasonable cause to know, that circumstances existed which would make it a public place in the sense of the law," is properly refused.

APPEAL from Madison County Court.
Tried before Hon. WILLIAM RICHARDSON.

| | |
|---|---|
| 75 | 7 |
| 99 | 174 |
| 75 | 7 |
| 100 | 129 |
| 75 | 7 |
| 103 | 54 |
| 75 | 7 |
| 111 | 60 |
| 114 | 696 |
| 75 | 7 |
| 117 | 157 |

[Johnson v. The State.]

The indictment in this cause charges, that Buck Johnson, the defendant in the court below, appellant here, prior to the finding thereof, "played at a game with cards at a public house, and did bet or hazard money or bank notes at said game." The defendant moved to quash the indictment on the ground that "the same charged, in a single count, two distinct and different offenses, punishable under the laws of Alabama with different punishments, to-wit: Playing cards at a public place, and betting money at a game of cards played at a public place." The court overruled the motion, and the defendant excepted. The bill of exceptions does not purport to set out all the evidence introduced on the trial, but only the following: "Upon the trial of said cause Iziah Fennell, a witness for the State, and Ben Cooper and Nelly Bynum, witnesses for the defense, testified that the room in which the defendant was charged with having played and bet at said game was the bedroom and dwelling of the said Nellie Bynum." The defendant requested the court in writing to charge the jury as follows: "When the evidence shows that the room in which the playing took place was a private room used as a dwelling, it is incumbent on the prosecution to show that the defendant knew, or had reasonable cause to know, that circumstances existed which would make it a public house in the sense of the law." This charge the court refused to give, and the defendant excepted.

Appellant's counsel not disclosed by the record.

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—Section 4207 of the Code of 1876 declares that "any person who plays at any game with cards," etc., "at any tavern, inn," or various other named places, "must, on conviction, be fined not less than twenty, nor more than fifty dollars." This defines the offense of playing at one of the named public places, when nothing of value is bet or hazarded on the result of the game. Form 27, on page 994 of the Code, is expressly provided for, and adapted to this section. Section 4209 of the Code enacts that "any person who bets or hazards any money, bank notes, or other thing of value * * at any game prohibited by section 4207, * * must, on conviction, be fined not less than fifty, nor more than three hundred dollars." Form 29, same page of the Code, is in terms provided for this section—4209. Form 29 is very brief, and does not purport to be complete in itself. It contains all the essential parts of an indictment for betting at a gaming table, or at a game called keno; but it is not full enough, when the charge

[McElroy v. The State.]

is that the accused bet at one or more of the games prohibited by section 4207 of the Code. To meet such a case as that, the indictment, to be sufficient, must allege, not only that the accused did bet or hazard, but must go farther and aver substantially all that is averred in form 27. In other words, the clause of 4209 which we are construing, being nothing more nor less than the offense denounced by section 4207, aggravated by the wager, or gambling ingredient, the indictment, to be sufficient, must aver both the betting, and that one or more of the enumerated games, and at some one of the places named, was played by the accused, or by some other person or persons. We say some other person or persons; for it is manifest that one who bets on such game, when played by others, is as much an offender of the statute, as he who both bets and plays. The indictment in this case does not charge two offenses. It only charges the graver offense denounced by section 4209 of the Code.—*Collins v. The State,* 70 Ala. 19; *Jacobson v. The State,* 55 Ala. 151.

The charge asked was rightly refused. It assumes as fact that the evidence showed the room in which the playing took place was a private room; or the language was susceptible of that construction. There was only testimony tending to prove that fact. Its sufficiency should have been left to the jury. It was objectionable also in its second aspect. Parties who play at a game with cards must see to it that they do not play in one of the prohibited places. Their want of knowledge of the character of the place, if it be one of those enumerated in the statute, is no excuse. A bedroom, or dwelling-house, may be used for some other purpose, which will make it one of the prohibited places.—1 Brick. Dig. 336, § 8; *Ib.* 339, §§ 59, 60, 61.

No costs will be allowed to the clerk of the circuit court for the return to the *certiorari.*

Affirmed.