# Tolbert *v.* The State.

*Indictment for Gaming in Public Place.*

1. *Sufficiency of indictment* ---An indictment which charges that the defendant "bet at a game played with cards, dice, or some device or substitute for either cards or dice, in a public house, highway, or other public place, or at an outhouse where people resort" (Code, §§ 4052, 4057), is fatally defective, unless it also alleges that a game *was played.*

2. *Objections to question and answer.*—When an objection is made and sustained to a question propounded to a witness, but the record does not show what answer was expected, nor that the witness had any knowledge or information on the subject, this court can not consider the correctness of the ruling.

3. *Conversations between third persons; admissibility as evidence.*—Conversations between third persons, tending to implicate the defendant, but not had in his presence, are not admissible as evidence against him; and if they did not relate to the particular offense with which he is charged, they would be inadmissible because irrelevant.

4. *Evidence as to character of house, or room.*—On a prosecution for playing cards in a public house, or for betting at a game played in a public house, evidence as to the character of the house, whether public or private, is relevant and admissible; the presumption being that the house is an entirety.

5. *Sentence to hard labor for county, on non-payment of costs.*—On conviction of a misdemeanor, a fine being assessed as the punishment, followed by a sentence to hard labor for the county for a specified number of days for the fine, "and an additional term for the costs, not exceeding eight months, at thirty cents per day;" this court will not say that the judgment is erroneous, because it does not specify the amount of costs for which additional hard labor is imposed, but suggests that this should always be done, or it should be otherwise made definite and certain.


FROM the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged that the defendant, Sanford Tolbert, "bet at a game played with cards, dice, or

[Tolbert v. The State.]

some device or substitute for either cards or dice, in a public house, highway, or other public place, or at an outhouse where people resort." The defendant demurred to the indictment, because it did not allege that a game "was played" at any one of the places specified; and his demurrer being overruled, he pleaded not guilty. By the verdict of the jury he was found guilty, and a fine of $100 imposed; and the fine and costs not being presently paid or secured, the court rendered judgment sentencing him to "hard labor for the county for thirty days for the fine, and to an additional term of hard labor for the costs, not exceeding eight months, at thirty cents per day."

On the trial, as the bill of exceptions shows, it appeared that the defendant and several other persons were arrested one night, in a small room over a "livery and feed stable," where a game of "craps" was being played on a blanket on the floor, cloths being hung over the openings of the room. The defendant reserved several exceptions to the rulings of the court on evidence, among which were the following: "Capt. M. A. Gantt, the first witness examined on the part of the State, testified in substance, in connection with other things, as follows: 'The night on which the defendant, with others, was arrested, John Stamps, the night watchman, came to my house, awoke me, and asked me to go with him.' Defendant objected to the witness testifying as to what passed between himself and the watchman, unless the defendant was present; which objection the court overruled, and the defendant excepted. The solicitor then asked said witness, for what purpose the room was used in which the playing took place; to which he answered, that he did not know. The solicitor then asked him, for what purpose it was used when he occupied the building, which was about six months before the alleged offense; to which question, and to the answer of the witness, the defendant objected, because a room might, under certain circumstances, be a public place at one time, and not at another time; which objections the court overruled, and the defendant excepted." Further testifying, the witness said, that when he, in company with Stamps and another person, went to the room in which the playing was going on, and demanded admittance, "they (meaning the persons in the room) blew out the light as quick as snapping his finger, and escaped through the windows;" and to this testimony, also, the defendant objected and excepted, as irrelevant and illegal.

[Tolbert v. The State.]

STALLWORTH & BURNETT, for appellant, cited *Dreyfus v. State*, 83 Ala. 54; *Johnson v. State*, 75 Ala. 7; *Collins v. State*, 70 Ala. 19; and they also contended that the judgment was erroneous.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The indictment in this case is defective, and will not support the conviction. To constitute a good indictment for the offense attempted to be charged in this case, it must be averred that a game *was played* "with cards or dice," or a substitute therefor, at one of the places mentioned in the statute, and that the defendant did bet at such game.—Code of 1886, §§ 4052, 4057; *Jacobson v. State*, 55 Ala. 151; *Mitchell v. State, Ib.* 160; *Collins v. State*, 70 Ala. 19. The indictment in the present case is not specific enough. While it avers that the game on which the bet was made was one played with cards or dice, or some device or substitute for either cards or dice, it fails to aver that the game on which the bet was made was in fact played. This precise question was so ruled in *Dreyfus v. State*, 83 Ala. 54, and in *Johnson v. State*, 75 Ala. 7; also, *Smith v. State*, 63 Ala. 55.

Several objections were made and sustained, to questions propounded to witnesses; but it is not shown what answers the witnesses were expected to give, nor, indeed, that they could have given any information on the subjects inquired about, affecting the defendant. We can not consider these objections.—3 Brick. Dig. 444, §§ 577 to 579. Conversations tending to implicate the defendant, had when he was not present, should not have been received; and if they did not relate to the case on trial, they were irrelevant, and inadmissible on that account. The character of the house, whether public or private, was an issue in the cause, and legitimate evidence—not a general opinion or conclusion of the witness—was competent to prove whether the house fell within one of the classes in which gaming is prohibited. This question, however, must be treated on the *prima facie* intendment that a house is an entirety, or unit.—*Huffman. v. State*, 29 Ala. 46; *Moore v. State*, 30 Ala. 550; *Russell v. State*, 72 Ala. 222.

We do not feel at liberty to declare that a trial court, in sentencing to hard labor for non-payment of costs, commits a reversible error, by failing to ascertain and insert in the

judgment the sum of the costs for which additional labor is imposed. The sentence can not extend to all costs that may have been incurred. The classes of costs for which the convicted offender may be sentenced to perform hard labor, are defined in *Bradley v. State*, 69 Ala. 318. In passing sentence, the trial court would avert uncertainty and possible expense, by either expressing the amount of costs the defendant is sentenced to pay with his labor, or by giving such directions as to the classes of costs he is liable to so pay, or, what is the same thing, by expressing the classes of costs that are not to be computed in fixing the amount, for the payment of which he is sentenced to perform additional hard labor.

Reversed and remanded.