[Rosson v. The State.]

# Rosson *v.* The State.

### *Indictment for Gaming.*

1. *Betting at cards; sufficiency of indictment*—A form of indictment for betting at cards, dice, etc., being now prescribed by the Code (p. 269, Form No. 16). it is sufficient to follow that form, although it does not allege that a game "was played," as was held necessary in *Tolbert v. State*, 87 Ala. 27, and the cases therein cited; and those cases are no longer authoritative.

2. *Signing bill of exceptions in vacation.*—A bill of exceptions may be signed in vacation, within the time fixed by an order of court entered in term time (Code, §§ 2761-2, note); and this time may be enlarged by a subsequent order made before the expiration of the time fixed by the first, but not after its expiration.

FROM the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

The appellant was indicted, tried and convicted for betting at cards at one of the places prohibited by statute. The indictment contained three counts, all of them alleging-ing substantially the same facts. The first count was in words as follows : "The grand jury of said county charge, that before the finding of this indictment, Joseph B. Rosson bet at a game played with cards or dice, or some device or substitute for cards or dice, at a tavern, inn, store-house for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed or given away, or in a public house, highway, or some other public place, or at an out-house where people resort; against the peace and dignity of the State of Alabama." The defendant demurred to the first count, and assigned as grounds therefor that it did not allege that "a game denounced by the statute was played at a place denounced by the statute;" and that said count fails to allege that a "game was played at one of the places specified therein." This demurrer was overruled.

The cause was submitted on briefs, together upon a motion to strike out the bill of exceptions. The ground of this motion is shown in the opinion of this court.

R. W. CLOPTON, for appellant, cited *Tolbert v. State*, 87 Ala. 27 ; *Dreyfus v. State*, 83 Ala. 54 ; *Johnson v. State*, 75 Ala. 7.

WM. L. MARTIN, Attorney-General, for the State.

[Rosson v. The State.]

McCLELLAN, J.—It has been many times held by the court that, in an indictment under section 4057, for betting at any game prohibited by section 4052 of the Code, the fact that the game at which the betting is alleged to have been done *was played* must be averred.—*Smith v. State*, 63 Ala. 55; *Johnson v. State*, 75 Ala. 7; *Dreyfus v. State*, 83 Ala. 54; *Tolbert v. State*, 87 Ala. 27. All of our cases on this subject, however, were decided with respect to indictments found before the Code of 1886 went into effect, and all of them, except that last cited, were handed down before that time. The indictment in *Tolbert's case* was returned into court on October 18, 1887, more than two months before the Code of 1886 became operative, though the case was not decided here until afterwards. That Code prescribed a form of indictment in such cases, which had not before existed. By reason of the prescription of this form, it is now only necessary to allege that the defendant "bet at a game played with cards or dice," &c., &c. The count of the present indictment to which a demurrer was interposed follows this form strictly, and is in all respects sufficient.—Code, § 4899, Form 16. The demurrer was properly overruled.

The bill of exceptions in this case must be disallowed.

In term time the following order was made : "It is further ordered by the court, that the defendant have until the 28th day of March, 1891, to have a bill of exceptions signed." No bill having been signed within the time thus limited, on the 30th day of March, 1891, *after the lapse of the time fixed in the order of the court*, the judge in vacation, by an order dated and filed as of said 30th day of March, 1891, undertook to extend the time until the 15th day of May, 1891; and subsequently, on May 14th, 1891, by a similar order undertook to allow until May 25th, 1891; and the bill of exceptions was in fact signed on May 22d, 1891. Now, we do not doubt but the time allowed in term time may be extended more than once, by successive orders made in vacation, each *within* the time fixed by the preceding order. Yet it is settled in this court, that if, within the period so fixed by the order of the court, or within any subsequent period of extension regularly ordered by the judge in vacation, the bill of exceptions is not signed, and no order is made for a further extension, it can not be signed at all. In *Bass Furnace Co. v. Glasscock*, 86 Ala. 244, an order had been made on September 8, 1888, extending the time for signing the bill of exceptions to October 8th, following. The time elapsed without the signature of the judge having been obtained. Several days afterwards another order was made, again extending the time until December 1,

[Winslow v. The State.]

1888. The court said: "This was without authority, the power to extend given by statute being *functus officio*. The action of the judge should have been taken before the expiration of the last day of the time fixed for signing. The act of February 22d, 1887, can not be construed to confer such authority. Code of 1886, § 2762, note 2." In the case at bar, the order of extension not having been made until after March 28th, 1891, the last day of the time fixed in the original order, the judge was without any authority to make it, or any subsequent order. The bill of exceptions stands upon no better footing than if these vain attempts to allow further time had not been made. The motion to strike out the bill of exceptions must prevail.

The only question presented by the record proper having already been determined against the appellant, the judgment is affirmed.