# Pickens *v.* The State.

*Prosecution for Gaming at a Public Place.*

1. *Gaming; Code 1886, § 4052.*—The effect of the words "other public place" in the statute, Code 1886, § 4052, in the connection in which they are used, is to declare that all the designated places which precede that clause are *per se* public, but the concluding designation in

[Pickens v. The State.]

the statute "out-house where people resort" is not *per se* a public house or place but is brought within the statute by the fact that people resort there.

2. *Same.*—By the phrase "out-house where people resort," as used in Code 1886, § 4052. is meant any house standing out and apart from houses used as dwellings or business houses ; a residence or business house. although it be shown that people are in the habit of resorting thereto. is not thereby constituted an "out-house where people resort" within the meaning of the statute.

3. *Same; evidence.*—Under Code 1886. § 4052, making it a misdemeanor to play at dice at enumerated places, or "in any other public place or "out-house where people resort," a conviction cannot be sustained on evidence that defendant played at dice at a residence near a saloon, but unconnected therewith, unless shown to be a public place.

APPEAL from the City Court of Decatur.

Tried before the Hon. WILLIAM H. SIMPSON.

The defendant was prosecuted under section 4052 of the Code for gaming at a public place. The testimony showed that the house at which the gaming was done was a dwelling house located near a saloon and was occupied by negro women. Among other charges requested by the defendant were the following: "2. Unless the jury are satisfied from the evidence beyond a reasonable doubt and to a moral certainty that the house where the game was alleged to have been played was a public place they must find the defendant not guilty. 4. Unless the jury are satisfied from the evidence beyond a reasonable doubt that the house at which the game was played was a public place, they must find the defendant not guilty." The court refused to give said charges and the defendant excepted, severally, to each of said rulings.

D. W. SPEAKE, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—This prosecution is based on section 4052 of the Code of 1886, and the complaint is framed according to form 23. The statute makes it a misdemeanor to "play at any game with cards or dice, or any device or substitute therefor," at any one of several enumerated places, and then adds, "or in any other public place." The effect of these words, *other public place,* in the connection in which they are used, is to declare that all the designated places which precede that clause are *per se* public. The concluding designation—"out-house, where people resort," is not *per se,* a public house or place. It is brought within the statute by

[Harris v. The State.]

the fact that people resort there. But, to come within this provision, it must be an out-house. "By the phrase, 'out-house where people resort,' in the act to suppress gaming, is meant any house standing out and apart from houses used as dwellings, or business houses."— *Wheelock v. State*, 15 Tex. 260; 17 Amer. & Eng. Encyc. of Law, 291–2. Even if it be shown that people are in the habit of resorting to a residence or business house, that does not constitute it an "out-house where people resort," for the·obvious reason that it is not an out-house.

The bill of exceptions recites that it contains all the evidence given on the trial. It tends to show the playing took place in a house which does not; in terms, fall within any of the specifications of the statute, section 4052. Charges 2 and 4 asked by defendant ought to have been given.

It must be borne in mind that the charge under which defendant was tried was for playing at a game with cards or dice, under section 4052 of the Code, and not for betting, under section 4057. See *Johnson v. State*, 75 Ala. 7; *Dreyfus v. State*, 83 Ala. 54; *Tolbert v. State*, 87 Ala. 27; *Rosson v. State*, 92 Ala. 76.

Reversed and remanded.