# Clayborne. v. The State.

### Indictment for Gaming.

1. *Gaming; indictment therefor.*—An indictment which avers that the defendant "played at a game with cards or dice," &c., "at a tavern, inn, store-house for retailing spirituous liquors," &c., "and did bet or hazard money or bank notes at said game," charges but the one offense of betting at cards or dice, as prohibited by section 4057 of the Code of 1886; and it is not demurrable for duplicity in charging in the one court the offense of betting at cards or dice, and the offense of playing cards as prohibited by section 4052 of the Code of 1886.

2. *Same; defendant entitled to his discharge when convicted of an offense for which he was not indicted.*—When a defendant is tried under an indictment for gaming which charges him with betting at a game of cards as prohibited by section 4057 of the Code of 1886, and is convicted of playing cards in violation of section 4052, such conviction amounts to an acquittal of the offense of betting at cards, for which he was indicted, and the defendant should be discharged.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was tried under the following indictment: "The grand jury of said county charge that before the finding of this indictment, C. C. Clayborne, whose name is to the grand jury otherwise unknown, played at a game with cards or dice, or some device or substitute for cards or dice, at a tavern, inn, storehouse for retailing spirituous liquors, a house or place where spirituous liquors were at the time sold, retailed or given away, or in a public house, highway, or some other public place, or at an outhouse where people resort, and did bet or hazard money or bank notes at said game, against," &c. The defendant demurred to said indictment, on the ground that it charged in

the one count two separate and distinct offenses. This demurrer was overruled. Upon the cause being tried by the court without the intervention of a jury, as by the law in such cases provided, the court, upon hearing all the evidence, adjudged the defendant "guilty of playing cards in a house where spirituous, vinous or malt liquors were, at that time, sold, retailed or given away, and assessed a fine of twenty dollars and costs against the said defendant."

WADE & VAUGHAN, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—The indictment in *Johnson v. The State*, 75 Ala. 8, charged that the defendant "played at a game with cards, at a public house, and did bet or hazard money or bank notes at said game." It was held that the indictment did not charge two offenses—not the offense of playing with cards, etc., as prohibited by section 4052 of the Code, and betting on such game, prohibited by section 4057—but only the graver offense of betting, denounced by the last named section.

In *Tolbert v. The State*, 87 Ala. 29, where the indictment charged that the defendant bet at a game of cards, etc., at one of the prohibited places, without also charging that a game *was played*, the court held that it was fatally defective.—*Dreyfus v. The State*, 83 Ala. 54; *Smith v. The State*, 63 Ala. 55.

A new form of indictment for betting at cards, etc., under section 4057, was provided in the Code of 1886—Form sixteen, page 267—under which we have held it is no longer necessary to allege that a game "was played," as was required in indictments therefor, before this form was provided.—*Rosson v. The State*, 92 Ala. 76. The solicitor in drawing this indictment was, no doubt, following our former rulings, in presenting an indictment good for betting. These forms, provided for the guidance of prosecuting officers in drafting indictments, are not exclusive of other forms, in which the offense is well and aptly charged; but, it will be better practice to follow them in cases where they are applicable. And the safer practice also is, to have different counts in the indictments, to meet the different phases the case, under

[Long v. The State.]

the evidence, may assume. If, for instance, there had been here, a count for playing as well as the one for betting at cards, the difficulty encountered would have been obviated.

The presentment in the case at bar is good and sufficient for betting at cards, and, if we follow our former adjudications, it is not demurrable for duplicity. Under it, the defendant could be tried only for the offense of betting, as provided by said section 4057 of the Code. The court found him guilty of playing cards, an offense with which he was not charged, and fined him $20. This was an erroneous finding. It was, however, in legal effect, an acquittal of the offense of betting, with which he was charged. And, inasmuch as he can not be tried for playing under this indictment, and can be tried again only for the offense of which the court found him guilty, and not for that of which he was acquitted, it follows he cannot be longer held under this indictment.—3 Greenl. Ev., § 36; *Bell & Murray v. The State*, 48 Ala. 684; *Mitchell v. The State*, 60 Ala. 26; *Nutt v. The State*, 63 Ala. 184; *Berry v. The State*, 65 Ala. 117; *Smith v. The State*, 68 Ala. 429; *Sylvester v. The State*, 72 Ala. 206; *De Arman v. The State*, 77 Ala. 10.

The judgment is reversed, and an order discharging defendant will be here entered.

Reversed and rendered.