# Nickols v. The State.

*Indictment for Gaming.*

1. *Gaming; public place; back or shed room.*—The back or shed room of a dwelling house, open and used as a resort to those who would indulge in gaming, is a "public place," within the meaning of the statute prohibiting gaming, (Code, § 4052).

2. *Same; there can be a conviction though defendant played but once.*—A person may be convicted of gaming at cards in a public place, although he played cards at such place only once

3. *Same; charge of court to jury.*—On a trial under an indictment for gaming under section 4052 of the Criminal Code, a charge is prop-

erly. refused, which instructed the jury that "If the evidence shows that the defendant played or bet at a game of cards only once, in the back room of a residence, this would not justify a conviction."

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The appellant was indicted, tried and convicted for gaming, in violation of section 4052 of the Code.

The evidence for the State tended to show that the defendant was caught playing a game of cards in a shed room of a house which was occupied as a residence by a woman; that persons had been seen going to the house, day and night, and had been known to go there for the purpose of playing cards.

The charge which was asked by the defendant, to the refusal to give which the defendant duly excepted, and which constitutes the only question presented on the present appeal, is copied in the opinion.

D. A. BAKER, for appellant.—The house at which the cards were played, was the residence of one Hattie Reid, and presumably a private house and private place, and the burden was on the State to show beyond a reasonable doubt that it was a public house or a public place, before a conviction could be had.—*Pickens v. State*, 100 Ala. 128.

WM. C. FITTS, Attorney-General, for the State.— Any house to which those who wish can go and indulge in gaming is a "public place" within the meaning of the statute. The fact that it is kept locked and used as a bed room, will not prevent the characteristic of a "public place" from attaching.—*Smith v. State*, 52 Ala. 384. In the eye of the law, the house is regarded as an entirety, and the "back or shed room" of the house was as much a public place as any other room in the body of the house. Evidence as to the character of the house is, whether public or private, relevant and admissible; the presumption being that the house is an entirety.— *Tolbert v. State*, 87 Ala. 27. The case of *Pickens v. The State*, 100 Ala. 128, in no way militates against the affirmance of this case; the charges asked in that case being entirely unlike those now before the court.

HARALSON, J.—The only question in this case we

need consider, grows out of the refusal of the court to give charge No. 2 requested by defendant, that "If the evidence shows that the defendant played or bet at a game of cards only once, in the back room of a residence, this would not justify a conviction."

In *Smith v. The State*, 52 Ala. 388, it was said : "Any house to which all may go night or day, and indulge in gaming in its various forms, is a public place within the meaning of the statute." A dwelling house, or private room, is within the statutory prohibition, if it is open to those who would resort thither to gratify their passion for gaming, and frequently, the greater the air of secrecy which is given the place, the more effectual is the deception. *Prima facie*, a dwelling is a private place, but where the evidence tends to show that it is used for other than private purposes, and as a resort to those who would indulge in gaming, the question of its being also a "public place," within the meaning of the statute, is properly left to the jury.—*Coleman v. The State*, 20 Ala. 52; *Jacobson v. The State*, 55 Ala. 154; *Johnson v. The State*, 75 Ala. 7; *Tolbert v. The State*, 87 Ala. 27.

If the jury found under the evidence that the house where the playing and gaming took place, was a public place, the fact that defendant bet or played cards there only once, was of no consequence, nor that the game was conducted in a back shed-room of the dwelling. The house in the contemplation of law is an entirety, or unit.—*Tolbert v. State, supra*. The charge was properly refused.

Affirmed.