(78 South. 411)

BRANCH v. STATE. (6 Div. 401.)

(Court of Appeals of Alabama. Feb. 12, 1918. Rehearing Denied April 2, 1918.)

1. CRIMINAL LAW �köö291—FORMER JEOPARDY —WAIVER.

Where defendant is acquitted on one count in an inferior court, on appeal from a conviction on the other count to the circuit court, he must specially plead former jeopardy before his plea of "not guilty," or he waives such defense as to such count.

2. COSTS ⊖ⓒ317—CRIMINAL CASES—APPEAL.

Where defendant was convicted on appeal in the circuit court on a different count from which he had been convicted in the inferior court, solicitor's costs in inferior court should not be taxed against him.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Will Branch was convicted of gaming, and he appeals. Corrected and affirmed.

Thomas Dozier and Thomas J. Judge, both of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. This appeal is upon the record, with no bill of exceptions. The defendant was originally arrested, tried, and convicted in the inferior court of Ensley under a complaint for gaming, containing two counts. The first count charges that the defendant played at a game with cards, etc., the second count that he bet at a game played with cards, etc. From a judgment of conviction under the second count of the complaint he appealed to the circuit court of Jefferson county. It appears from the record that he was tried upon the original complaint in the circuit court, and under his plea of not guilty was convicted under the first count of the original complaint.

[1] From this judgment of conviction this appeal is taken, and it is insisted here that the court erred in overruling the defendant's motion to set aside the judgment of conviction in the circuit court, which motion was based upon the ground that, the defendant having been tried under the same affidavit containing both counts in the inferior court of Ensley and convicted under the second count thereof, this operated as an acquittal under the first count, and therefore the defendant was twice placed in jeopardy for the same offense. There was no error in the ruling of the court upon the motion. No plea of former jeopardy or of former acquittal was ever filed or offered to be made or filed; and if it be conceded that the defendant had been in jeopardy as to the first count of the affidavit or complaint, and in legal contemplation acquitted under said count, such jeopardy or acquittal furnished no grounds for the granting of the motion. This defense to have been available should have been specially pleaded, and the special plea should have been interposed in the circuit court before the plea of "Not guilty," and it, not having been pleaded, under the authorities in this state must be deemed waived. Rickles v. State, 68 Ala. 538; Jordan v. State, 81 Ala. 20, 30, 1 South. 577; Johnson v. State, 134 Ala. 54, 32 South. 724.

[2] The motion to retax cost as to solicitor fee should have been granted, except as to solicitor fee of $30, for conviction in the circuit court. Under the facts disclosed by this record, there is no judgment of conviction in the inferior court of Ensley upon which the costs of that court can be taxed against the defendant. Clayborne v. State, 103 Ala. 53, 15 South. 842. The motion to retax cost is here granted so far as it relates to the solicitor's fee of $30, in the inferior court of Ensley. Under the judgment in this case, a solicitor fee of $30, for the conviction in the circuit court only should be taxed against the defendant and included in the bill of cost. The judgment of conviction in the circuit court, being without error, is affirmed. Judgment on motion to retax cost is corrected and affirmed.

Affirmed.