## Yow *v.* STATE.

(Division B.    June 11, 1934.)

[155 So. 427.    No. 31322.]

**T. A. Clark** and **J. C. Jourdan, Jr.,** both of Iuka, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was convicted of the unlawful possession of intoxicating liquor, and fined one hundred dollars and costs. From conviction, he appeals here.

The evidence upon which the appellant was convicted was obtained upon the following search warrant: "Whereas, W. H. Williams has this day made complaint on oath before the undersigned officer in and for said county, that he has reason to believe and does believe that intoxicating liquor is being stored, kept, owned, controlled or possessed for purposes of sale in violation of law, sold or offered for sale in violation of law, manufactured or distilled in violation of law, attempted to be manufactured or distilled in violation of law, attempted to be transported in violation of law in the residence, outhouses, barns, stalls, smokehouses, crib, and in the yard and garden, and in the field and woods near the residence of J. L. Yow, in the third district of said Tisho-

mingo county and on section 14, township 4, range 10 in said county, and more particularly described as follows, Pt W½ SW¼ Sec 14, T 4, R 10, in violation of the laws of the state of Mississippi; And that intoxicating liquor is being transported, attempted to be transported in a wagon, cart, automobile or other vehicle along the public road in said county known as the public road, in violation of the laws of the state of Mississippi. And that ———— is suspected of being guilty of said violation in said county and state. And the undersigned having examined and considered said affidavit, and also after having heard and considered evidence in support thereof, doth find that probable cause for the issuance of a search warrant in the premises doth exist.''

The officers serving this warrant proceeded to search the premises and found whisky in a storehouse located about sixty feet from the accused's dwelling house.

The testimony was objected to on the ground that the storehouse was not included in the affidavit and warrant, and therefore the search was illegal. It will be noted from the search warrant that it included outhouses, barns, stalls, smokehouses, crib, and in the yard, garden, and in the fields and woods near the residence of J. L. Yow.

It is argued that the word ''outhouses'' did not include the storehouse on the property constituting the residence of the appellant. The word ''outhouses'' has been construed in various senses, as will appear from 6 Words and Phrases, First Series, pages 5119-5121, some of the definitions being as follows:

''The term 'outhouses' in a statute providing for the punishment of every person who shall willfully burn any barn, stable, or other outhouses in parcel of any dwelling house, means houses separated from the main building, but useful to it as a dwelling. State v. Powers, 36 Conn. 77-79.

''An outhouse is one that belongs to a dwelling, and is in some respects a parcel of such dwelling house, and .

situated within the curtilage. State v. Roper, 88 N. C. 656, 658.

"An outhouse is any house necessary for the purposes of life in which the owner does not make his constant or principal residence. State v. O'Brien, 2 Root (Conn.) 516. . . .

"An outhouse is any house necessary for the purposes of life in which the owner does not make his constant or principal residence. Education and schooling are necessary to the well-being of individuals and of society. A schoolhouse, in this sense, may be considered as the most important outhouse to all the inhabitants of the district who built it. State v. O'Brien, 2 Root (Conn.) 516."

In Willoughby v. Shipman, 28 Mo. 52, it was held that "outhouse," as used in an act concerning mills and mill-dams, providing that before an increase in the altitude of the dam would be allowed the jury must inquire whether the mansion house of any other proprietor, or other outhouse, curtilages, or gardens thereto belonging would be overflowed, etc., includes a springhouse.

In State v. Faulkener, 2 McCord (S. C.) 438, it was held that the term "outhouses," as used in a statute prohibiting gambling in any tavern, inn, store, etc., or in any other public house, or in any street, highway, or in any open wood, race, field or open place, or in any barn, kitchen, stable, or other outhouse, means outhouses of every description, and includes a distillery.

In Pickens v. State, 100 Ala. 127, 14 So. 672, it was held that section 4052 of the Alabama Code of 1886, making it a misdemeanor to play at dice at enumerated places, or in any other public place or "outhouse where people resort," means any house standing apart from the houses used as dwelling or business houses.

In Stockton v. State (Tex. Cr. App.), 44 S. W. 509, it was held that a building used only for the keeping of stock and the storing of grain, in which a defendant and another played cards, was not an outhouse within the meaning of the statute prohibiting the playing of cards

in an outhouse where people resort for the purpose of gambling.

In Swallow v. State, 20 Ala. 30, and Downey v. State, 115 Ala. 108, 22 So. 479, it was held that the term "outhouse," as used in a statute prohibiting the playing of cards for money in an outhouse where people resort, should be construed to include a vacant storehouse; if habitually resorted to by persons for the purpose of playing cards.

It will be seen from these authorities that the term "outhouse" is not one of precise definition, but is to be used in connection with the statute and the purposes of law in designating such places.

· In the case at bar the term "outhouse" or "outhouses," when taken in connection with the other things specifically described in the affidavit and search warrant, would make it include a storehouse such as the one which was here searched. The storehouse in this case was an outhouse used by the owner, and would clearly be a part of his homestead under the homestead exemption law of this state. It was upon the property described in the affidavit and warrant, and we think the warrant, fairly construed, would embrace this storehouse.

The judgment of the court below will therefore be affirmed.

Affirmed.