# Myers *et al. v.* The State.

*Indictment for Rape.*

1. *Indictment for rape.*—The use of the word *female* in an indictment for rape means the same thing as *woman*, and does not render the indictment insufficient.

2. *Rape; evidence.*—A physician who had examined a girl, alleged to have been raped, ten days after the offense was committed, was asked to state the condition in which he found her and her *clothing*. His answer was confined to the condition of the girl. Just what his answer was, the bill of exceptions failed to disclose. *Held*, there was no error in overruling objection to question and to answer. Evidence as to condition of clothing at such time not having been given, there was no injury from the question. The testimony as to her personal condition may have been pertinent and competent.

APPEAL from Calhoun Circuit Court.

Tried before Hon. L. F. Box.

The indictment found at February term 1888 of the Circuit Court, stated that "Joe Myers and Mary Myers forcibly ravished Mary H. Jones, a *female*, against the peace and dignity of the State of Alabama." There were several grounds of demurrer interposed to the indictment; among them, the failure to allege that the said Mary H. Jones was a *woman* and that she did not consent to the ravishment. The objection to the testimony appears in the opinion. The defendants were convicted and sentenced to the penitentiary for life. They were respectively the stepfather and mother of the girl, who was between ten and eleven years old.

G. C. ELLIS and KELLY & SMITH, for appellants.—The indictment follows the form in the Code of 1876, but the Code of 1886, repealed the old and prescribed a new form which is not followed. Hence it should be good at common law or is subject to the demurrers, and is insufficient in law

to sustain a conviction.—*Dreyfus v. State*, 3rd S. Reports, 430. The testimony of the expert witness as to the condition of prosecutrix ten days after the alleged ravishment, ought to have been excluded, as it could not tend to show the commission of the offense, and may have confused the mind of the jury.—Wharton & Styles, Med. Jur., vol. 3, § 212.

T. N. McCLELLAN, Attorney-General, *contra.*

STONE, C. J.—The words female and woman, used as the former was in the indictment before us, mean the same thing, and the indictment is sufficient.—1 Brick. Dig. 499, § 736; *Sparrenberger v. State*, 53 Ala. 481; *Smith v. State*, 63 Ala. 55; *Block v. State*, 66 Ala. 493; *Parker v. State*, 39 Ala. 365; *Watson v. State*, 55 Ala. 150.

The expert witness, who had made a professional examination of the girl, the alleged subject of the rape, was asked to state the condition in which he found her and her clothing. This was ten days after the offense was charged to have been committed. The witness gave testimony "as to the condition of the girl on the 27th day of January, 1888." He is not shown to have said any thing about the clothing. Both the question and the answer were objected to, and exceptions reserved.

As there is not shown to have been any testimony given in regard to her clothing, we need only say that such testimony would probably have been improper, given so long after the alleged offense. It can not be presumed that the physician had knowledge of the clothes she had worn ten days before. But the question did no harm unless it was answered; and in the absence of all statement that it was answered, we must presume that it was not.—3 Brick. Dig. 444, § 577.

The testimony of what the physician discovered on an examination of the girl ten days after the injury, was not *per se* irrelevant. It is not shown what the testimony was. It may have tended to prove, or confirm other testimony tending to prove, penetration; a material ingredient in the crime of rape.—2 Bish. Cr. Law (7th Ed.), § 1127. Other possible pertinent facts or circumstances might exist and be discovered by a physician, about which he would be clearly competent to testify.

There is no error in the record.

Affirmed.