# Jackson v. The State.

*Indictment for using Abusive, Insulting or Obscene Language in the Presence of a Female.*

1. *Using abusive, insulting or obscene language in the presence of a female; sufficiency of indictment.*—An indictment which charges that the defendant "made use of abusive, insulting or obscene language in the presence or hearing of a woman, against the peace and dignity of the State," etc., is sufficient; the word woman being identical in meaning with the word female as used in the statute.

2. *Indictment for using abusive, insulting or obscene language in the presence of a female; to what witness may testify.*—On a trial under an indictment for using abusive, insulting or obscene language in the presence of a female, it is not competent for a witness to testify that the defendant used an abusive or insulting epithet on the occasion referred to; but the witness should state what was said by the defendant, leaving it to the jury to determine whether or not it was an abusive or insulting epithet.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Clem Jackson made use of abusive, insulting or obscene language in the presence or hearing of a woman, against the peace and dignity of the State of Alabama."

To this indictment the defendant demurred upon the ground that it avers that the abusive, insulting or ob-

scene language was used in the presence or hearing of "a woman" instead of averring that such language was used in the presence or hearing of "a female." This demurrer was overruled. The facts relating to the only other ruling of the court which is reviewed on the present appeal, are sufficiently stated in the opinion.

ESPY & FARMER, for appellant.—The demurrer should have been sustained. The statute prohibits the use of "abusive, insulting or obscene language in the presence of a female;" while the indictment charges that the language was used in the presence of "a woman."—Code, § 4306.

It was not competent for the witness Thompson to testify whether the defendant used "an abusive or insulting epithet," such testimony being the expression of opinion or conclusion on the part of the defendant.—*Morris v. State*, 84 Ala. 57.

MASSEY WILSON, Attorney-General, for the State. The demurrer was properly overruled. It has been expressly held that the words "female" and "woman" are identical in meaning, and can be used interchangeably in an indictment.—*Meyer v. State*, 84 Ala. 11.

The court did not err in permitting the witness to testify that defendant had used abusive, insulting or obscene epithets. This was a collective fact to which the witness could testify. The defendant had the right to bring out on cross examination the exact language used, if he desired.—*Fuller v. State*, 117 Ala. 36; *Thornton v. State*, 113 Ala. 43; *Miller v. State*, 107 Ala. 40; *Linnehan v. State*, 116 Ala. 471.

DOWDELL, J.—The indictment in this case follows the form prescribed in the Code.—Crim. Code, form No. 3, p. 264.

The court properly overruled the defendant's demurrer. In *Meyers v. State*, 84 Ala. 11, it was held that the words "female" and "woman" were identical in meaning, and an indictment using either was sufficient.

The witness Coy Thompson was asked by the solicitor, "Did you hear the defendant use any abusive or insult-

6c

[Jackson v. The State.]

ing epithet to Will Davis?" This question was objected to by the defendant, and the objection was overruled by the court, to which ruling the defendant excepted. The witness then answered, "Yes," which answer the defendant moved to exclude, and the motion being overruled, the defendant excepted. In these rulings the court was in error. As to whether the defendant used abusive or insulting language, or "epithet" was a fact in issue, the issue the jury was called to try and decide. The question called for the opinion or conclusion of the witness as to whether the language used by the defendant to Will Davis was insulting or abusive, and the answer to the question was but the expression of that opinion. The witness had already testified that he did not remember the language used, *non constat*, if he had remembered and repeated the language, it might have been shown, that what in the opinion of the witness, was an "abusive or insulting epithet," was not in fact such.

The case of *Morris v. State*, 84 Ala. 457, is similar in principle. In that case the defendant was indicted for disturbing religious worship, and it was decided by this court, that it was error to permit the witness to state against the objection of the defendant, that the congregation was disturbed by the defendant, holding that the witness should have stated what was said or done by the defendant, and leaving it to the jury to determine whether or not the congregation was disturbed by what the defendant did or said. For the error pointed out the judgment of the court must be reversed, and the cause remanded.

Reversed and remanded.