(81 South. 138)

MALONE v. STATE.   (2 Div. 197.)

(Court of Appeals of Alabama.   Jan. 21, 1919.)

1. JURY ☞70(7)—IMPANELING—SPECIAL VENIRE IN CAPITAL CASES.

Where the court, trying a prosecution for murder, ordered that 10 special jurors be drawn and summoned to appear on day of trial, who, together with 50 jurors to serve during second week of court, should constitute venire from which jury should be drawn to try defendant, but only 47 of the regular jurors were summoned, and only 57 names were served on defendant, his conviction cannot stand.

2. CRIMINAL LAW ☞631(1)—SERVICE OF LIST OF JURORS—CAPITAL CASE.

Where the court, trying prosecution for murder, ordered that 10 special jurors be drawn and summoned to appear on day of the trial, who, together with 50 jurors to serve during second week of court, should constitute venire from which jury should be drawn to try defendant, but only 57 names were served on defendant, conviction will not stand.

Appeal from Circuit Court, Wilcox County; A. H. Alston, Judge.

Wat Malone, alias, etc., was convicted of murder in the second degree, and appeals. Reversed and remanded.

N. D. Godbold, of Camden, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J.   The defendant was indicted on a charge of murder in the first degree, was on his trial convicted of murder in the second degree, and from the judgment he appeals. There was motion, sustained by proof, to quash the venire, on the ground that the order fixing the number of the venire to try defendant provided for 60, when in fact only 57 names were served on defendant. The order of the court was as follows:

"The defendant being in open court and attended by counsel, upon being duly arraigned, pleads not guilty. It is ordered by the court that Tuesday, May 7, 1918, be and is set as the day for the trial of this case. It is further ordered by the court that 10 special jurors be drawn and summoned to appear in court on said day at 9 o'clock a. m. who together with the 50 jurors to serve during the second week of this court shall constitute the venire from which the jury shall be drawn to try the defendant; and it is further ordered that said venire and a copy of the indictment be forthwith served upon the defendant by the sheriff; and the jury box of this county having been brought into court and having been well shaken, the presiding judge of this court proceeded in open court to draw from said box in the presence of the defendant and his counsel ten names of qualified citizens of this county. The clerk is ordered to, at once, make out a list of the regular jurors who have been drawn and summoned to serve as regular jurors for the second week of this court and shown by the return of the sheriff of this county to the clerk of this court and attach them to a copy of the indictment in this case, all of which the sheriff is directed to forthwith serve on the defendant."

[1, 2] It was shown that only 47 of the regular jurors were summoned, and that only 57 names were served on defendant. On the following authorities: Mayo v. State, 15 Ala. App. 304, 73 South. 141; Jackson v. State, 171 Ala. 38, 55 South. 118; Bailey v. State, 172 Ala. 418, 55 South. 601, the judgment is reversed and the cause is remanded. The Attorney General by brief concedes this proposition. The order itself is erroneous. The court in the case of Cain v. State, ante, p. 303, 77 South. 453, laid down the rule for the proper practice in such cases.

Reversed and remanded.