## COLE v. STATE. (4 Div. 860.)

(Court of Appeals of Alabama. June 26, 1923. Rehearing Denied July 14, 1923.)

**1. Courts ⬅91 (1)—Court of Appeals controlled by Supreme Court's decision in companion case.**

The Court of Appeals is controlled by the opinion of the Supreme Court in a companion case with respect to analogous questions presented to and determined by it.

**2. Rape ⬅16(3) — Charge on necessity of force sufficient to overcome resistance properly refused in prosecution for statutory rape.**

In a prosecution for statutory rape, a charge that defendant could not be convicted unless there was such actual or constructive force as to overcome prosecutrix's resistance was properly refused.

**3. Jury ⬅70(7)—Failure to make regular venire for week part of special venire for trial held not ground for quashal.**

Failure to make the venire drawn for the week a part of the special venire drawn for the trial of defendant's case *held* not a ground for quashing the special venire.

**4. Statutes ⬅225¾—Re-enactment of statutory provision carries judicial construction with it.**

The reordaining or substantial reproduction of a statutory provision in a subsequent statute carries with it the settled judicial construction of such provision.

**5. Jury ⬅116—That total number of veniremen ordered not available for selection by defendant not ground for quashing venire.**

In view of the settled construction of Jury Law 1909, §§ 18 and 32, which were amended and re-enacted with the exception of certain provisions by Gen. Acts 1919, p. 1039, an objection that, because 20 of 75 veniremen had been excused or were out on another case, defendant had a venire of only 55 from which to select the jury, is at best a ground for a continuance, and not for a motion to quash the venire, objection to which can be taken only on the ground of fraud in drawing or summoning the jurors as provided by section 29 of the Jury Law 1909.

**6. Criminal law ⬅1091(10)—Court held not bound by bill of exceptions reciting understanding as to benefit of objections to certain testimony to segregate such testimony.**

A bill of exceptions reciting, "It is understood that as to all testimony of this nature, * * * both as to each question and answer, * * * defendant is to have the benefit of all objections, motions, and exceptions the same as if they appeared regularly and in due and legal order noted herein," did not charge the court with the duty of segregating such testimony; it being defendant's duty to note from the transcript and set out in the bill the specific questions and answers deemed objectionable, the objections and motions to exclude, and the grounds thereof.

**7. Criminal law ⬅1036(1)—Defendant not objecting to terms of exclusion of illegal evidence cannot complain of vagueness on appeal.**

Where the court stated that testimony as to acts done before testimony implicating defendant was offered would be excluded, unless later made competent by the state, and afterward instructed the jury not to consider it, defendant, in the absence of objections and exceptions calling his dissatisfaction with the terms of such exclusion to the trial court's attention, could not complain on appeal of the generality, vagueness, and indefiniteness thereof, though it was the court's duty to clearly and specifically point out and render harmless the prejudicial effect of illegal evidence admitted.

**8. Rape ⬅43(2)—Physician's testimony as to penetration of prosecutrix held admissible.**

In a rape prosecution, physician's testimony as to their examination of prosecutrix's sexual organs *held* admissible when tending to show penetration, which is an essential ingredient of the offense.

**9. Rape ⬅43(2)—Physician's testimony as to penetration of prosecutrix held admissible, though done by others before defendant.**

In a rape prosecution, where there was evidence that defendant had intercourse with prosecutrix against her will, physician's testimony as to penetration of prosecutrix's sexual organs was competent, notwithstanding evidence that she was penetrated by others than defendant before his connection with her.

**10. Criminal law ⬅829(1)—Refusal of charge covered by charge given not error.**

Refusal of a charge substantially covered by a charge given is not error.

**11. Rape ⬅6 — Degree of force necessary stated.**

To constitute rape, the degree of force used need not be such as to place prosecutrix under such reasonable apprehension of death or bodily harm as to overpower her will; it being sufficient if she was under such duress that the act was accomplished against her consent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rape.]

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Lester Cole was convicted of rape, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Cole, 210 Ala. 179, 97 South. 895.

These charges were requested by and refused to defendant:

(7) "The court charges the jury that in considering the evidence you may consider the absence of the evidence on the part of the prosecutrix to avoid the act, and unless there was such force, actual or constructive, as to overcome the resistance of the prosecutrix, you cannot convict the defendant of rape."

(10) "The court charges the jury that, before they can decide that the prosecutrix was under duress at the time of the commission of the alleged act, they must be satisfied from the evidence beyond a reasonable doubt that the conduct of the defendant toward her was such as to create in her mind such reasonable apprehension of death or bodily harm as to overpower her will."

A. "The court charges the jury that, if they believe the evidence in this case, they cannot find the defendant guilty of rape."

B. "The court charges the jury that, if they believe the evidence in this case, they must find the defendant not guilty."

H. L. Martin, of Ozark, for appellant.

The grand jury was dissolved at the end of the February term, 1922. The defendant had a right to be indicted by a grand jury legally drawn. Acts 1919, p. 534; Whittle v. State, 205 Ala. 639, 89 South. 43; Cullum v. Casey, 1 Ala. 351; Kidd v. Burke, 142 Ala. 625, 38 South. 241; Garlick v. Dunn, 42 Ala. 404; Gordy v. State, 154 Ala. 52, 45 South. 901; O'Byrnes v. State, 51 Ala. 25; Williams v. State, 61 Ala. 33; Caldwell v. State, 203 Ala. 415, 84 South. 272. The venire should have been quashed, because the court failed to make an order constituting the regular jurors drawn for the week a part of the special venire as the law requires. Acts 1919, p. 1041; Umble v. State, 207 Ala. 508, 93 South. 531. Confessions being prima facie inadmissible, the burden is on the state to establish competency by

showing no improper influence. Carr v. State, 17 Ala. App. 539, 85 South. 852; 4 Mich. Ala. Dig. 236; Whitehead v. State, 16 Ala. App. 427, 78 South. 467; 13 Cyc. 700. The indictment being found by a grand jury not authorized by law, defendant was entitled to the affirmative charge. O'Byrnes v. State, supra.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The act of 1915 governs, and the grand jury which had been drawn during the term was a legal grand jury. The latter act merely fixes the time of *holding* court. Acts 1915, p. 707; Acts 1919, p. 534; Whittle v. State, 205 Ala. 639, 89 South. 43; Caldwell v. State, 203 Ala. 412, 84 South. 272. There was no prejudice to defendant through the declination of the court to constitute regular jurors for the week defendant was tried. Umble v. State, 207 Ala. 508, 93 South. 531. There is a wide latitude in the cross-examination of witnesses, resting largely in the discretion of the court. 4 Mich. Ala. Dig. 168; 14 Mich. Ala. Dig. 1148. If the attention of the witness is called to the time, place, circumstances, persons involved, and statements made, the rule as to impeachment is satisfied. Burton v. State, 194 Ala. 2, 69 South. 913; People's Shoe Co. v. Skally, 196 Ala. 349, 71 South. 719. Charge 6 does not require the finding of the jury to be based on the evidence in the case, and was properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179; Davis v. State, 188 Ala. 59, 66 South. 67.

BRICKEN, P. J. The appellant was tried in the court below upon an indictment charging him with the offense of rape. The alleged injured party was a girl under the age of 15 years, while the defendant was a married man, and his home was situated in close proximity to where the offense is said to have occurred. It appears from the record in this case, according to the statement of the girl, that she was ravished first by one Hosea Riley, then by Lemmie Riley, and last by the appellant.

[1, 2] Many of the questions presented by the record in this case, in fact all of them, with the exceptions hereinafter noted, were presented to, and determined by, the Supreme Court in the case of Lemmie Riley v. State of Alabama, 209 Ala. 505, 96 South. 599, and in that case all of the questions presented were decided adversely to contention of the appellant, and by the opinion in that case, now before us in manuscript, we are controlled. We therefore hold: (1) There was no error in sustaining the state's motion to strike the defendant's plea in abatement. (2) There was no error in overruling appellant's motion to continue the trial of his case. (3) There was no error in the rulings of the trial court with respect to the confessions, or admissions against interest, of the appellant as testified to in the court below by the various witnesses. (4) Special written charges 7, A and B, were properly refused. (5) There was no error in overruling the motion for a new trial.

[3] Counsel for appellant seriously insists that the motion to quash the venire of jurors, impaneled and sworn to try the appellant, should have been granted, and the first insistence is based upon the failure of the trial court to make the venire of regular jurors drawn for the week the case was set for trial a part of the special venire of jurors drawn for the trial of the appellant's case in the court below. This insistence of the appellant is decided adversely to the appellant in the case of Lemmie Riley v. State, supra.

It is next insisted by the appellant that inasmuch as the order of the court provided that the venire of jurors for the trial of appellant's case should be 75 in number, and inasmuch as the venire of jurors, from which the jury that tried the case in the court below was stricken, consisted of 55 in number, some of the 75 having been excused by the court on legal grounds, and 12 being put on the Lemmie Riley Case, therefore the appellant had only a venire of 55 jurors, instead of 75, as provided by the order of the court. The case of Brilliant Coal Co. v. Barton, 203 Ala. 39, 81 South. 828, is cited and is insisted upon as authority for the contention of appellant that said venire of jurors should have been quashed. This court cannot assent to appellant's insistence for the following reasons:

1. The act approved September 29, 1919 (General Acts Alabama 1919, p. 1039), is amendatory to the jury law of 1909 (General and Local Act Alabama Special Session 1909, p. 305). The act of 1919 amends only sections 18 and 32 of the act of 1909. Section 18 of the act of 1919 is in all respects identical with section 18 of the act of 1909, with the exception that the following provision of section 18 of the act of 1909 is not incorporated in the act of 1919, viz.:

"Provided that no name shall be drawn for any week after the first week of the term more than twenty days before the first day that such juror is to serve."

The provision eliminated from section 18 of the act of 1909 in the adoption of section 18 of the act of 1919 in no wise affects or pertains to any question raised in the present motion to quash the venire of jurors.

Section 32 of the act of 1919 is in all respects identical with section 32 of the act of 1909 except that section 32 of the act of 1909 provides that, if in any capital case the number of competent jurors should be less than 20, then before any of said jurors could be stricken from the list the court should draw

and have summoned a sufficient number to increase the number of jurors to at least 30, while section 32 of the act of 1919 places the minimum number of competent jurors at 30, instead of 20, as provided in the act of 1909.

Section 32 of the act of 1909 also provided that, if for any cause the regular number of jurors competent to try a defendant was reduced to below 24, then the court should cause twice the number of the deficiency to be drawn and summoned, while section 32 of the act of 1919 provides that, if the number of jurors competent to try a defendant is reduced below 24 in a noncapital felony and below 18 in, a misdemeanor then the court must cause twice the number of the deficiency to be drawn and summoned.

It will thus be seen that in so far as the question now being considered is concerned the act of 1919 is identical with the act of 1909.

[4, 5] The act of 1909 has been several times construed by the Supreme Court with respect to the very question now urged in behalf of the appellant. It is a familiar rule that in the construction of the provision of a statute the judicial construction previously placed upon the pertinent provisions of the statute is incorporated in the subsequent statute, because the reordaining, or the substantial reproduction, of a statutory provision carries with its adoption the settled construction which the judiciary has placed upon it. Ex parte Pepper, 185 Ala. 284, 294, 64 South. 112, and cases cited. Both the act of 1919 and 1909 contain the following provision:

"If the sheriff fails to summon any of the jurors drawn, or any juror summoned fail or refuse to attend the trial, or there is any mistake in the name of any juror drawn or summoned, none nor all of these grounds shall be sufficient to quash the venire or continue the cause; provided further, that whenever the judge of any court trying capital felonies shall deem it proper to set two or more capital cases for trial on the same day, said judge may draw and have summoned one jury or one venire facias or petit jurors for the trial of all such cases so set for trial on the same day." Section 32.

In the case of Tennison v. State, 188 Ala. 90, 66 South. 112, section 32 of the Jury Law of 1909 was before the Supreme Court for construction, and the insistence in that case was:

"Where the court by its order designates a certain number of persons as constituting the venire to try a capital case, and the record shows that less than that number of persons were furnished as such venire, it results that the defendant is deprived of the venire fixed by the order of the court and contemplated by law, and is such error as will reverse."

In the minority opinion of the court Mr. Justice Mayfield very clearly points out that a defendant in all probability will never have the full number of venire of jurors fixed by the order of the court from which to select the 12 who are to try his case, and he says:

"Some may not be competent; some may be sick, or be engaged in the trial of another case, or be absent upon other unavoidable contingencies."

And it was his opinion that the absence of jurors, because of these contingencies, would constitute no ground for quashing the venire or delaying the trial to obtain the full number. In the majority opinion of the court it was directly stated that the grounds of motion in that case were not sufficient to authorize the sustaining of the motion to quash the venire under the language of the statute. At best the grounds for the motion now insisted upon could only have constituted a just foundation of objection of going to trial and of a motion for a continuance. Carmack v. State, 191 Ala. 1, 67 South. 989; Suttle v. State, 18 Ala. App. 411, 92 South. 531; McKenney v. State, 17 Ala. App. 117, 82 South. 565; Stewart v. State, 18 Ala. App. 92, 89 South. 391.

The objection, if well founded, must not only be seasonably made, as appears was done in this case, but it must be properly made, as was not done, because by the express provision of section 29 of the act of 1909 no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors. In Brilliant Coal Co. v. Barton, supra, a struck jury was demanded, and the full panel of 28 was furnished from which the jury to try the case was to be selected. The statutes, in such cases made and provided, fixed the number to compose the list of jurors, when a demand for a struck jury was interposed, at 24. Proper and seasonable objections, not a motion to quash, were interposed by the defendant, which objections were overruled by the trial court; the Supreme Court held that the trial court erred in overruling the objections of the defendant, and for this error the case was reversed. The pronouncement in this case cited by appellant cannot by any possibility be so distorted in meaning as to justify the conclusion that the court below erred in overruling appellant's motion to quash the venire.

[6] The first objection made by appellant to the testimony of the witness Ida Barber was without substantial merit. The witness at that time had not testified to any fact, or circumstance, that could possibly have prejudiced the appellant before the jury.

The bill of exceptions here recites:

"It is understood that as to all testimony of this nature and character, both as to each question and answer, separately and severally, the defendant is to have the benefit of all objections, motions, and exceptions, the same as if said objections, motions, and exceptions ap-

peared regularly and in due and legal order noted herein."

In this manner appellant now attempts to dump into the lap of this court the duty and responsibility, without a single question being set out, and without a single answer in response to such question being given, and without anything more than a general objection being interposed, and in this vague and indefinite way we are asked to segregate from such testimony that part which pertains to "anything that might have been done at any time before there is any testimony offered which would tend to show that the defendant was implicated." We think the duty was on appellant under the quoted understanding to note from the transcript of testimony, and to set out in the bill of exceptions for our consideration the specific questions which he deemed objectionable, the grounds of such objection, and also the answers, the objections thereto, the motions to exclude the same, and the grounds of such objections and motions.

[7] The trial court stated that while the evidence, which appellant insists was properly objected to, might of and by itself be incompetent, the state would be held to make it competent, and unless such testimony was later made competent it would all be excluded from the jury, and this was in response to an objection from the defendant to the effect that he objected to anything that might have been done at any time before the testimony tended to show that the defendant was implicated.

At the conclusion of the testimony offered by the state in the development of its case in chief the court stated to the jury:

"Gentlemen all that testimony which has to do with the conduct of all the other defendants and of this girl prior to the time this man, Cole, was brought into this case, by evidence which tends to connect him with it, is expressly excluded from you and you are not to consider it at all; all testimony which has to do with their acts prior to the time when this defendant is alleged to have become connected with it is excluded and is not for your consideration."

For aught the bill of exceptions shows, and for aught the record shows, the defendant was entirely satisfied with the exclusion of the evidence about which he now complains, as the same was then made by the trial court. He cannot now be heard to complain as to the generality, the vagueness, the indefiniteness, of the terms of the exclusion; it was the duty of the court to clearly and specifically point out and render harmless the prejudicial effect of the admission of any illegal evidence (Harris v. State, 16 Ala. App. 509, 79 South. 270), but the specific duty also rested up the defendant by appropriate objection and exception to call to the attention of the trial court any dissatisfaction he might then have entertained to the exclusion by the court of said evidence, as the same was made. Having failed to do so, we cannot and will not reverse this case because of this action by the court.

[8, 9] The trial court did not err in the admission of the testimony of the physicians with reference to examination they made of the sexual organs of the girl. This testimony tended to show penetration of the female by the male, and penetration is an essential ingredient of the offense of rape. The testimony for the state tended to show that the defendant had sexual intercourse with the girl against her will. The defendant positively and unequivocally denied any sexual relationship with her. The fact that the sexual organs of the female had been penetrated was competent testimony. If the defendant did have sexual intercourse with her against her will, then he was responsible, at least in part, for the conditions which the physicians testified to, and the fact, if it be a fact, that she was penetrated by persons other than the defendant and before his connection with her cannot render this testimony incompetent or illegal.

[10, 11] The trial court did not err in refusing to give special written charge No. 10. This charge is substantially covered by the provisions of special written charge No. 6. Moreover, the charge is misleading in this: If the defendant had sexual intercourse with the girl, against her consent and by force, he was guilty of rape. The law does not require that the degree of force used must be such as to place the woman under the reasonable apprehension of death, or bodily harm, as to overpower her will. The offense is complete if the female is under such duress as that the act is accomplished against her consent. Waller v. State, 40 Ala. 325, 331.

We are of the opinion that this case could properly have been affirmed on authority of Riley v. State, 209 Ala. 505, 96 South. 599, as it is not only a companion case, but also in all material questions the analogy is apparent.

We find no error in any of the rulings of the court. The record is without error. Let the judgment stand affirmed.

Affirmed.