(99 South. 65)

Ex parte STATE ex rel. DAVIS, Atty. Gen.

PITTS v. STATE.

(2 Div. 825.)

(Supreme Court of Alabama. Dec. 13, 1923. Rehearing Denied Jan. 31, 1924.)

**1. Rape** ⬿43(2)—**Evidence of condition of sexual organs of female admissible.**

The condition of the sexual organs of the female after the alleged offense is a material inquiry, and evidence is competent to prove whatever signs of injury she showed and the remoteness of the examination from the time of the offense, and the opportunity for intervening cause only affects the probative force of such evidence.

**2. Criminal law** ⬿736(2)—**Evidence held to raise issue of conspiracy so as to make acts of one admissible against others.**

In prosecution for rape, evidence *held* to raise a jury question on the theory of a conspiracy of several parties, including defendant, to debauch the prosecutrix, so that the acts of one conspirator in the furtherance of such common unlawful purpose were admissible against all of the conspirators.

**3. Criminal law** ⬿736(2)—**Conspiracy vel non a jury question which may be shown by circumstances.**

A conspiracy vel non is a jury question, and may be shown by circumstances and by the actions of the parties, and wide latitude is permitted in proof.

Certiorari to Court of Appeals.

Ed Pitts was convicted of an offense, and appealed to the Court of Appeals. The judgment of conviction being reversed, the state, on the relation of its Attorney General, petitions for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled Pitts v. State, 99 South. 61.

Writ granted, judgment reversed, and cause remanded to Court of Appeals.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Counsel adopt the dissenting opinions of Foster, J., in the case of Pitts v. State, 99 South. 61 as a brief in this case.

Jerome T. Fuller, of Centreville, opposed.

To constitute a conspiracy there must be some understanding between parties; mere intention or cognizance of another's intention to commit a crime will not suffice. Clark's Crim. Law (3d Ed.) 155; 12 C. J. 540. The evidence in question was not relevant to any material issue in the case, and was not admissible. Martin v. State, 16 Ala. App. 406, 76 South. 322; Brewer v. State, 15 Ala App. 681, 74 South. 764; Benjamin v. State, 17 Ala. App. 77, 81 South. 855; Jones v. State, 17 Ala. App. 394, 85 South. 830; 1 Greene on Ev. 36. The cases of Malloy v. State, 209 Ala. 219, 96 South. 57, and Cole v. State, 19 Ala. App. 360, 97 South. 891, are not authority in this case.

THOMAS, J. [1] The condition of the genital or external organs of the woman immediately before and after the alleged offense of rape or kindred crime is relevant, competent, and material evidence, tending to prove or disprove that such offense has been committed. Scott v. State, 48 Ala. 420; Myers v. State, 84 Ala. 11, 4 South. 291; Malloy v. State, 209 Ala. 219, 96 South. 57; Riley v. State, 209 Ala. 505, 96 South. 599; Cole v. State, 97 South. 891.[1] Such evidence is always relevant to corroborate or contradict the woman's evidence as tending to show the probability or improbability that a rape was committed. Barnett v. State, 16 Ala. App. 539, 79 South. 675; Underhill on Crim. Ev. § 413, p. 693; 33 Cyc. p. 1471.

[2, 3] The remoteness of the examination, given in evidence, from the time of the offense and the opportunity for intervening cause, affects the probative force of such evidence. Myers v. State, 84 Ala. 11, 4 South. 291; 33 Cyc. p. 1471. Moreover, under the evidence recited in the opinion of the Court of Appeals, the evidence in question should have gone to the jury on the theory of a conspiracy of the several parties, including defendant, to debauch the woman; and the acts of one conspirator in the furtherance of said common unlawful purpose are admissible against all of the conspirators. Pierson v. State, 99 Ala. 148, 13 South. 550. A conspiracy vel non is a jury question, and may be shown by circumstances and by the actions of the parties; and in this proof wide latitude has been permitted.

The writ is granted, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further consideration and action pursuant to the foregoing.

All the Justices concur.