(104 So. 137)

## FLEMING v. STATE. (6 Div. 324.)

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Feb. 17, 1925.)

**I. Jury ⬅➡82(2) — That special venire not drawn 20 days before date of trial does not affect legality of panel.**

In view of Acts 1909, p. 305, § 29, failure to draw special venire for capital cases 20 days before case was set for trial did not affect legality of panel, as section 15, pertaining to drawing of juries 20 days before beginning of term, is not mandatory.

**2. Criminal law ⬅➡1166½(5)—Jury ⬅➡70(8) —Court's declination to draw regular venire for week of defendant's trial in capital case held erroneous but not prejudicial.**

Court's declination to draw regular venire for week of defendant's trial in capital case, in addition to special jurors, held erroneous, but not prejudicial.

**3. Jury ⬅➡82(2)—That total number of veniremen ordered was not available from which to select jury held not ground for quashing venire.**

In view of Jury Law of 1909, §§ 18, 32, amended and re-enacted with the exception of certain provisions by Acts 1919, p. 1039, that the total number of veniremen ordered was not available from which to select jury in capital case held not ground for quashing venire, where the number available exceeded the minimum of qualified jurors fixed by section 32.

**4. Jury ⬅➡116—Objection to venire may be taken only on ground of fraud in drawing or summoning jurors.**

Objection to venire may be taken only on ground of fraud in drawing or summoning jurors, as provided by Jury Law (Acts 1909, p. 305, § 29).

**5. Criminal law ⬅➡589(5)—Overruling objection to being put to trial, based on excusing of two jurors, held not error.**

Overruling accused's objection to being put to trial, based on the fact that two jurors, after qualifying, were excused on account of sickness, held not error.

**6. Jury ⬅➡70(7)—That special venire was fixed at 80 names, and 85 were drawn, held not error.**

That special venire in capital case was fixed at 80 names, and 85 were drawn, held not error, as number fixed and number drawn were within minimum and maximum fixed by law.

**7. Criminal law ⬅➡631(10), 1166(1)—Drawing additional names of jurors when number of competent jurors not less than 30 held reversible error.**

In murder prosecution it was error to draw additional names of jurors not on list served upon accused, when the number of competent jurors was not less than 30, in view of Acts 1909, p. 317, § 32, amended by Acts 1919, p. 1039, and such error was not harmless.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Carriebelle Fleming was convicted of manslaughter, and she appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte State, 104 So. 139.

───────────────

Bumgardner & Wilson, of Bessemer, for appellant.

Objection to the venire because of the excusing of two jurors should have been sustained. Cain v. State, 16 Ala. App. 303, 77 So. 453. No complete venire was served upon the defendant, and this was reversible error.

Harwell G. Davis, Atty. Gen., O. B. Cornelius, Asst. Atty. Gen., and Ben G. Perry, Deputy Solicitor, of Bessemer, for the State.

Objection to venire can be taken only for fraud in drawing or summoning. Acts 1909, p. 305; Caldwell v. State, 203 Ala. 412, 84 So. 272; Cole v. State, 19 Ala. App. 360, 97 So. 891; Riley v. State, 209 Ala. 505, 96 So. 599; Umble v. State, 207 Ala. 508, 93 So. 531. Adding nine members to the jury drawn was harmless error. Umble v. State, supra; Walker v. State, 204 Ala. 474, 85 So. 787; Tyler v. State, 207 Ala. 129, 92 So. 478; Smith v. State, 1 Ala. App. 140, 55 So. 449.

FOSTER, J. The appellant was indicted for murder in the first degree and convicted of manslaughter in the first degree.

The minutes of the court recite that—

"In open court, this the 21st day of April, 1923, it is hereby commanded that the sheriff summon 80 persons this day drawn from the jury box to serve as jurors for the week beginning Monday, May 7, 1923, and the Judge in open court this day draws from the jury box 80 names which shall constitute the special venire of 80 for the trial of capital cases set for week beginning Monday, May 7, 1923. The court has not drawn and shall not draw any regular venire for the week beginning Monday, May 7, 1923."

It was also ordered that a copy of the venire first drawn and a copy of the indictment be served forthwith by the sheriff upon each defendant, whose case was set for trial Monday, May 7, 1923, and that defendant's case be set for trial Monday, May 7, 1923.

[1] It was not error for the presiding judge in open court on April 21, 1923, to draw a special venire for the trial of capital cases set for trial on May 7, 1923. It was not necessary to draw the venire at an earlier day during the term of the court.

Section 29, Acts 1909, p. 305, reads as follows:

"The jurors selected, drawn, summoned and empaneled under the provisions of this act, whether at an earlier or later day than this act requires, must and shall in all respects be deemed legal, and to possess in full in every respect, power to perform all of the duties belonging to grand and petit jurors, and no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

Under the express terms of the act, supra, the provision of section 15 of the act for the drawing of a jury 20 days before the beginning of the term is not mandatory, and the time at which they are drawn does not affect the legality of the panel. Caldwell v. State, 203 Ala. 412, 84 So. 272; Cole v. State, 19 Ala. App. 360, 97 So. 891; Riley v. State, 209 Ala. 505, 96 So. 599; Umble v. State, 207 Ala. 508, 93 So. 531.

[2] A special venire for the trial of capital cases should be composed of two elements: (1) The regular juries drawn for the week the capital case is set; and (2) the special jurors drawn to afford the number for the special venire fixed by the order of the court. The trial court was in error in declining to draw a regular venire for the week beginning May 7, 1923, thus omitting one of the elements the law contemplates shall constitute a special venire in a capital case. Under the authority of Umble v. State, 207 Ala. 508, 93 So. 531, Whittle v. State, 205 Ala. 639, 89 So. 43, and Riley v. State, 209 Ala. 505, 96 So. 599, no prejudice to the defendant resulted from the court's declination to draw regular juries for the week defendant was tried.

[3, 4] In view of the settled construction of Jury Law 1909, §§ 18 and 32, which were amended and re-enacted with the exception of certain provisions by Acts 1919, p. 1039, an objection that 37 of the 80 jurors had been excused or were out on another case and that defendant had a venire of only 43 from which to select the jury is not ground for motion to quash the venire, objection to which can be taken only on the ground of fraud in drawing or summoning the jurors, as provided by section 29 of the Jury Law of 1909. Cole v. State, 19 Ala. App. 360, 97 So. 891. Section 32 of Act 1919, p. 1039, fixes the minimum of qualified jurors at 30.

[5] Virgil Norris and J. C. Brand qualified as jurors on Monday, May 7th, and were excused by the court from jury service on May 8th on account of sickness. The trial court did not err in overruling defendant's objection to being put to trial on the ground that the two jurors, Norris and Brand, were excused.

[6] That the venire was fixed at 80 names and 85 were drawn was not error, as the number fixed and the number drawn were within the minimum and the maximum fixed by law. Tyler v. State, 207 Ala. 129, 92 So. 478.

[7] Section 32, Act 1919, p. 1039, among other things, provides, "if in any capital case the number of competent jurors shall be less than 30," the court must draw additional jurors.

The number of jurors remaining on the list of names served on defendant, after the court had excused those who offered legal excuses, was 43, and, the number not having been reduced below 30, the trial court was without authority to draw from the jury

box 7 additional names (not on the list served on defendant) and place them on a list of jurors from which defendant was required to strike in selecting a jury of 12 to try her case. After drawing 7 additional jurors and excusing two of the original 43, it was error for the court to draw from the jury box the names of two additional jurors (not on the list served on the defendant) and place them on a list of jurors from which the defendant was required to strike in selecting the jury to try her case; the number of qualified jurors on the list served on the defendant not having been reduced below 30. It cannot be said that this action of the court was harmless error.

No doubt the very eminent and just trial judge in the drawing of the additional jurors was undertaking to be absolutely fair and just to the defendant in giving her a larger number of jurors to strike from. But the law fixes limitations which trial judges cannot disregard, even though their purpose be magnanimous. If the law is not adhered to, each trial judge in the state would become a jury law unto himself, and for the protection of the citizens of the state we must have uniform jury laws.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

RICE, J. This case was reversed and remanded by opinion heretofore rendered by Foster, J., who has since resigned from this court, on the sole ground that the defendant was forced to select her jury from a venire containing the names of nine jurors a list of whom had not been served upon her, as provided by law, in capital cases. Acts 1909, p. 305, § 32, as amended by Acts 1919, p. 1039.

The state, through its Attorney General, has filed an application for rehearing, and argues that, even though this action of the trial court be error, it cannot here avail the defendant, for the reason that no objection to the addition of the names referred to to the venire from which she was required to select her jury was made in the court below by the defendant. The honorable Attorney General is, we think, wrong in this contention, as it appears the bill of exceptions in the case has this statement:

"Thereupon (after the drawing of two other jurors on the day the cause was set for trial, and at a time when the total number present and qualified had not been reduced below 30 as provided by the statute) the defendant refiled the same grounds, separately and severally, in his objection to going to trial since the two extra jurymen were drawn, and on the additional ground that the venire as now completed by the adding of the two additional mem-

bers of the jury had not been served upon the defendant."

Proper exception was reserved to the action of the court in overruling the said objection and forcing the defendant into immediate trial. We think the action of the trial court in the particular stated clearly reversible error.

The cases cited by the state are clearly distinguishable, and in no way militate against the present holding. In each of them, which are pertinent to the question here, the objection urged was that the names of a greater number of jurors than called for by the order of the court had been served upon the defendant. Of course this could not harm the defendant.

But here, as pointed out in the original opinion, the defendant was forced, over timely objection, to select her jury from a venire containing the names of 9 jurors, whose names had not been served upon defendant as required by law. This was error to reverse the case, under the authority of the case of Cain v. State, 16 Ala. App. 303, 77 So. 453, and Malone v. State, 16 Ala. App. 646, 81 So. 138, and Acts 1919, p. 1039.

Opinion extended; application overruled