PUCKETT v. STATE. (8 Div. 754.)

(Supreme Court of Alabama. June 18, 1925.)

1. Criminal law ⬌1153(2)—Witnesses ⬌40 (2)—Competency of infant witnesses largely within trial court's discretion, subject to review for abuse.

The competency of witnesses of tender years rests largely in sound discretion of trial court, subject to review for an abuse thereof.

2. Witnesses ⬌40(1), 45(2)—Eight year old girl held to have shown sufficient intelligence and knowledge of oath to be allowed to testify.

Eight year old girl's answer during her examination held to show that she had sufficient intelligence and knowledge of nature and obligation of oath to be allowed to testify, and court did not err in permitting her to do so.

3. Witnesses ⬌240(2)—Trial court may, in its discretion, permit leading and suggestive questions.

Trial court can, in its discretion, permit leading suggestive questions, and also questions to refresh recollection of witness on direct examination.

4. Criminal law ⬌404(4)—Undergarment of victim held properly admitted in evidence.

In prosecution for having carnal knowledge of girl under twelve years, in violation of Code 1907, § 7699, undergarment worn by victim on day offense was committed was properly admitted in evidence.

5. Rape ⬌43(2)—Evidence that victim of assault died as result of injuries properly admitted.

In prosecution for having carnal knowledge of girl under 12 years, in violation of Code 1907, § 7699, testimony of physician, that girl died two or three days after assault as result of injuries, held properly admitted.

6. Criminal law ⬌763, 764(6)—Instruction, that fact that victim died as result of injuries not to be considered in assessing punishment, properly refused.

In prosecution for having carnal knowledge of girl under 12 years, in violation of Code 1907, § 7699, requested instruction, that fact that girl died as result of injuries sustained should not be considered by jury in passing on punishment, was properly refused, as it would have invaded province of jury.

7. Criminal law ⬌1219—Sentence, providing for electrocution, held not to become effective until death sentence set for day subsequent to last day of February, 1927.

Acts 1923, p. 759, changing execution of death sentence from hanging to electrocution, does not become effective until death sentence is set for day subsequent to last day of February, 1927, and until then execution must be by hanging, as provided by Code 1907, §§ 7639–7652.

8. Criminal law ⬌396(2)—Refusal to permit introduction of statements made by defendant in his confession, not introduced by state, held error.

Where state introduced defendant's confession, defendant had right to introduce in evidence all that he said in such confession, and exclusion of questions calling for evidence forming part of same confession, which had not been introduced in evidence by state, and which called for evidence relating to and forming part of res gestæ of offense, held error.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Porter Puckett was convicted of having carnal knowledge of a girl under 12 years of age, and he appeals. Reversed and remanded.

This charge was refused to defendant:

"I charge you, gentlemen, that the fact, if it be a fact, that the little girl died as a result of the attempt to have intercourse with her on the occasion testified about, should not be considered by you in passing on the punishment you will impose on him."

Williams & Chenault, of Russellville, for appellant.

Where a child does not know and cannot comprehend the nature of an oath, it is error to permit such child to testify. White v. State, 136 Ala. 58, 34 So. 177; Kelly v. State, 75 Ala. 21, 51 Am. Rep. 422; McKelton v. State, 88 Ala. 181, 7 So. 38; Beeson v. Moore, 132 Ala. 391, 31 So. 456; Blocker v. Burness, 2 Ala. 354. The bloody garments of the girl were erroneously admitted in evidence. Husch v. State, 211 Ala. 274, 100 So. 321; Louisville & N. R. Co. v. Pearson, 97 Ala. 219, 12 So. 176; Railroad Co. v. Bell, 200 Ala. 562, 76 So. 920. There is no provision for hanging in this state. While Acts 1923, p. 759, § 11, provides that executions shall be as provided by article 7 of the Code of 1907, the statutes in that article are repealed by section 12 of the same act. Hand v. Stapleton, 135 Ala. 157, 33 So. 689.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony by the child witness was properly admitted. Crenshaw v. State, 205 Ala. 256, 87 So. 328. Likewise the evidence of the physician and introduction of the garments of the injured girl. Ex parte State ex rel. Davis, 210 Ala. 662, 99 So. 65. Whether a leading question will be permitted rests in the discretion of the trial court. Gordon v. State, 140 Ala. 29, 36 So. 1009.

MILLER, J. The defendant was indicted, tried, and convicted for the offense of carnal knowledge or abuse in attempt to have carnal knowledge of a girl, Annie Lou Wallace, under 12 years of age. The jury fixed his punishment at death. The indictment as returned by the grand jury contained two counts: One charging defendant with rape; and the other with carnal knowledge of or abuse in attempt to carnally know a girl under 12 years of age. The indictment was drawn under sections 7696 and 7699, Code 1907.

According to the proof, the girl was born November 1, 1912, and the alleged offense was committed on August 13, 1924. She was 11 years and between 9 and 10 months of age, and she was small for her age.

The state, after practically finishing the introduction of its evidence, with leave of the court, entered a nolle prosequi as to the count charging the defendant with rape, and proceeded to prosecute him under the other count alone.

[1, 2] Dena Wallace was going with her sister, Annie Lou Wallace, along the road towards their home during the day on Wednesday, August 13, 1924, and the defendant, their uncle, called to them, and he and Annie Lou went into the woods and remained a little while, where and when the offense was alleged to have been committed. Dena was 8 years of age. The court permitted her to testify, over the objection of the defendant. She had been to a day school only three or four days. She had attended church and Sunday school. She stated: "God made her, it was right to tell the truth, God takes care of good folks when they die," and "the bugger man gets the bad folks when they die, and the bugger man gets those people who tell stories." She had heard the Testament read; her grandmother read it to her. The trial judge saw this child, and he heard the examination of her on her voir dire by the solicitor and defendant. We have indicated above only some of the answers to the many questions propounded to her. "It is only in strong cases the ruling of the court admitting them as witnesses should be reversed." White v. State, 136 Ala. 58, 67, 34 So. 177, 180. The competency of such witnesses to testify must rest largely in the sound discretion of the trial court, subject to review for an abuse thereof. This examination of her does not show that she was incompetent to testify, but it appears she had sufficient intelligence to distinguish good and evil, and that she had sufficient knowledge of the nature and obligation of an oath to be allowed to testify; and the court did not err in permitting her to do so. Crenshaw v. State, 205 Ala. 256, 87 So. 328; Wade v. State, 50 Ala. 164.

[3] The trial court can, in its discretion, permit leading, suggestive questions, and also questions to refresh the recollection of a witness on the direct examination. The court did not err in its discretion in the examination of this witness by the solicitor. 12 Michie Dig. Ala. Rep. p. 1195, § 165 (2).

[4] The undergarment worn by Annie Lou Wallace on the day the offense was committed was introduced in evidence. It was found that day on the ground where the offense was alleged to have been committed, and it had blood stains on it, which tended to show they were placed there from carnal knowledge of her or from an abuse of her in attempt to carnally know her. This garment tended to shed light on a material inquiry in the case, and it was properly admitted in evidence. Husch v. State, 211 Ala. 274, headnotes 2, 3, 100 So. 321.

[5] This alleged offense was committed on August 13, 1924. The court permitted the state to introduce evidence by the physician that he went to see this girl that night, found

her genital organs were torn, lacerated, and bleeding. She was torn internally and externally, and she died two or three days afterwards from these injuries. The defendant objected to all of this testimony by the physician. The court did not err in allowing this evidence to go to the jury. Her death from the injury was relevant as tending to show the extent of the abuse. This evidence of the doctor showed the abuse of the genital organs and the extent of the injury, which tended to prove the offense charged had been committed. Pitts v. State, 210 Ala. 662, 99 So. 65; Malloy v. State, 209 Ala. 219, 96 So. 57.

[6] In this connection the court did not err in refusing written charge numbered 1 by us on the margin of the record, which was requested by the defendant. There was evidence that the girl died as a result of this attempt to have intercourse with her. This evidence as to her death was relevant, and the court would have invaded the province of the jury by giving this written charge to them. It was their duty from the entire evidence to fix the punishment.

[7] The jury, by their verdict, fixed the punishment at death. The judgment of the court thereon ordering that the defendant be privately executed by the sheriff of that county on Friday, October 3, 1924, by being hanged by the neck until he is dead, was not erroneous. The act approved September 29, 1923 (Gen. Acts 1923, p. 759), changing the law of execution of death sentence from hanging to electrocution, does not become effective as to death sentences by electrocution until the death sentence is set for a day subsequent to the last day of February, 1927. When the execution of such sentence is set for a day prior to the 1st day of March, 1927, the execution thereof must be by hanging as now provided by article 7, c. 278, Code 1907. These statutes relating to death sentences by hanging are not repealed by this General Act of 1923, p. 759, until on and after the date fixed therein for the change, in the method of executing death sentences, becomes effective. John Milton v. State, (Ala. Sup., 6 Div. 339) post, p. 449, 105 So. 209.

This offense was committed August 13, 1924, the defendant was indicted on August 24, 1924, at a special term of the court, and was tried and convicted August 29, 1924. A. P. Nelson, the sheriff, witness for the state, testified he was in Florence when the defendant sent for Mr. Jones (the solicitor) to come over there. When the solicitor got there, Camper, Carter, solicitor Jones, and witness (the sheriff) were present. The defendant made a confession voluntarily. It was in writing, which written statement was introduced in evidence by the state before a nolle prosequi was entered as to the count charging rape. The attorneys for the defendant stated "to the court and jury that the statement was voluntary and that it was true and they did not object to it being introduced in evidence." Mr. Jones, the solicitor of the circuit court, Mr. Nelson, the sheriff of Franklin county, Mr. Carter, law-enforcing officer, and Mr. Camper, jailer of Lauderdale county, were the persons present when the confession was made. The solicitor wrote it, the defendant signed it, and the other three persons subscribed their names to it as witnesses. The written statement is long, and we will quote only one sentence from it as follows:

"I took her (meaning Annie Lou Wallace) by the arm while she was in the road, and she went with me to the woods which was 10 to 15 steps from the road. She lay down, and I kissed her after she lay down. I did not kiss her before she lay down."

The defendant's attorney asked this witness, Sheriff Nelson:

"If the defendant also stated in the jail in that confession that he made at Florence, a part of which was written down by Mr. Jones, that the little girl did not make any resistence, but consented to his having intercourse with her?"

The court sustained the state's objection to that question. The witness was then asked:

"Did he or not make that statement in substance?"

The court sustained the state's objection to that question. The defendant then asked witness this question:

"State whether or not he stated in and as a part of that confession that he made at the jail at Florence, in substance, and I mean the confession that he made at the jail in the presence of Mr. Jones, a portion of which was introduced in evidence, did he or not state, in substance, that the little girl said 'stop, Porter, you are hurting me, and that he stopped?"

The court, on objection of the state, would not allow the witness to answer the question. The defendant's attorney then asked this witness:

"And didn't he say further, that same confession, that he then got up and that she was laughing when she got up?"

And the witness was not permitted by the court, on objection of the state, to answer this question. The defendant duly and separately excepted to each of these rulings of the court.

[8] The state offered and introduced in evidence this confession made by the defendant to the solicitor and the other persons mentioned. This gave the defendant the right to introduce in evidence all that he said in the particular confession. These questions called for evidence forming a part of the same confession made by defendant to the solicitor, which had not been introduced

in evidence by the state, and they call for evidence relating to and forming a part of the res gestæ of the offense. The court erred in sustaining the objections of the state to each of the foregoing questions propounded by the attorney for the defendant to this witness. Maddox 'v. State, 159 Ala. 53, 48 So. 689; Lanier v. Branch Bank, 18 Ala. 625. These questions called for no fact as to guilt of defendant, but they called for revelant testimony which could be considered by the jury in fixing the punishment.

For these errors, the judgment must be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.